MICHAEL C. GHIZZONI, COUNTY COUNSEL
LISA A. ROTHSTEIN, SR. DEPUTY (Bar No. 201611)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA 93101
(805) 568-2950 / FAX: (805) 568-2983
E-mail: lrothst@co.santa-barbara.ca.us

Attorneys for Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY SHERIFF'S DEPT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING; and DOES 1 through 200, Inclusive<br><br>Defendants. | Case No: CV 15-1509-JFW (JEMx)<br><br>**DEFENDANTS COUNTY OF SANTA BARBARA AND SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS COMPLAINT (FRCP 12(b)(6))**<br><br>[Filed concurrently with Proposed Order]<br><br>Judge: Hon. John F. Walter<br>Courtroom: 16 – Spring Street<br>Date of Hearing: June 8, 2015 |

TO THE PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 8, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 16 of the above entitled court, located at 312 N. Spring St., Los Angeles, CA., defendants County of Santa Barbara and Santa Barbara County Sheriff's Department will move this court to dismiss each cause of action from plaintiffs' Complaint pursuant to Rule 12(b)(6) on the following grounds:

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)]
i.

1. Plaintiffs' Complaint does not state a claim on which relief can be granted for denial of due process.

This motion is made following the conference of counsel pursuant to Central District Local Rule 7-3, which took place on March 16, 2015.

This motion will be based upon this Notice, the within memorandum of points and authorities, the pleadings on file herein, and such other matters as may be presented at the hearing of this motion.

Dated: May 3, 2015
    MICHAEL C. GHIZZONI
    COUNTY COUNSEL

By: /s/
Lisa A. Rothstein
Senior Deputy County Counsel
Attorneys for Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)]
ii.

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................ 1

II. FACTUAL SUMMARY ..................................................................... 2

III. STANDARD OF REVIEW ................................................................ 4

IV. THE ALLEGATIONS DO NOT SUPPORT A CLAIM
THAT THE DEPUTIES ACTIONS PLACED PLAINTIFFS'
DECEDENTS IN DANGER ............................................................... 5

    A. Plaintiffs do not Allege an Affirmative Act that Caused Harm .......... 6

    B. Plaintiffs do not Allege that at the Time of the Wellness Check,
Rodger Posed a Known and Obvious Danger .................................... 7

    C. There are Nothing But Conclusory Allegations that the
Deputies Acted with Deliberate Indifference ..................................... 8

V. CONCLUSION .................................................................................... 9

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Bell Atlantic Corp. v. Twombly*,
 127 S. Ct. 1955 (2007) ................................................................................4

*Clegg v. Cult Awareness Network*,
 18 F.3d 752 (9th Cir. 1994) .........................................................................4

*DeShaney v. Winnebago County Dept. of Social Serv.*,
 489 U.S. 189 (1989) ....................................................................................5

*Jenkins v. McKeithen*,
 395 U.S. 411 (1969) ....................................................................................4

*Johnson v. Knowles*,
 113 F.3d 1114(9th Cir.) (citation omitted), ................................................4

*Kennedy v. City of Ridgefield*,
 439 F.3d 1055 (9th Cir. 2006) .............................................................1, 5, 6

*Munger v. City of Glasgow*,
 227 F.3d 1082 (9th Cir. 2000) .....................................................................6

*Patel v. Kent School Dist.*,
 648 F.3d 965 (9th Cir. 2011) ...................................................................5, 8

*Wood v. Ostrander*,
 879 F.2d 583 (9th Cir. 1989) .......................................................................6

## FEDERAL RULES

FRCP 12(b)(6) ..................................................................................................i

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

# MEMORANDUM OF POINTS & AUTHORITIES

## I.
## INTRODUCTION

This tragic event has been heavily reported in the news. Elliot Rodger was a dysfunctional, lonely young man who took revenge for his unhappiness through a deadly rampage in Isla Vista, California, where he killed three people, and injured another fourteen. The tragedy is undeniable. The liability, however, is not with these defendants.

Plaintiffs Junan Chen, Kelly Yao Wang, Changshuang Wang, Jinshuang Liu, Lichu Chen, and Wenquei Hong are the parents of three victims of Rodger's killing spree. They sue the Santa Barbara Sheriff's Department asserting that when several Deputies made a wellness call on Rodger several weeks before the incident, they should have realized the risk he posed and done something to change the course of what occurred.[1] As discussed below, case law limits Fourteenth Amendment liability in this type of case, where the plaintiffs were harmed by a third party and not by the government. "The state's failure to protect an individual against private violence does not generally violate the guarantee of due process." *Kennedy v. City of Ridgefield* 439 F.3d 1055, 1061 (9th Cir. 2006).

Plaintiffs attempt to plead into an exception to the general rule of non-liability. Under the "state-created danger" doctrine, the government can be liable for harm caused by third parties if state action affirmatively placed the plaintiff in a position of danger; that is, where state action creates or exposes an individual to a danger which he or she would not have otherwise faced. Plaintiffs assert that by failing to recognize Rodger's threat when they were

---

[1] Plaintiffs also sue Capri Apartments at Isla Vista and Asset Campus Housing, alleging negligence in placing the decedents as Rodger's roommates.

dispatched to check on his welfare, the defendants somehow exacerbated the threat that he posed. As set forth below, these bare allegations are insufficient to support a Fourteenth Amendment Claim.

## II.
## FACTUAL SUMMARY

The Complaint contains a summary of Rodger's life in the couple of years preceding his rampage. As it relates to the allegations against the Santa Barbara County Sheriff's Department, plaintiffs allege that Rodger moved to the Capri apartments in Isla Vista in June 2011 to attend City College. (Complaint, p. 5:10-15.) Capri management paired Rodger with multiple roommates, most of whom Rodger had problems with, because of his racist attitude, feelings of inferiority, or other psychological problems. (Complaint, p.5:16-28.)

Rodger became more miserable as time went on and his fortunes didn't change for the better. (Complaint, p. 6:6-12.) In late 2012, Rodgers parents arranged for him to begin seeing a psychiatrist. (Complaint, p. 6:23-24.) Around the same time, he began planning his "Day of Retribution," when he would massacre young people on the streets of Isla Vista to take revenge for the fact that they were happy and he was not. (Complaint, p. 7:1-6.) He wrote, "It would be a day in which I exact my ultimate retribution and revenge … I will arm myself with deadly weapons and wage a war against all women and the men they are attracted to. And I will slaughter them like the animals they are." (Complaint, p. 7:1-6.)

In December 2012, Rodger purchased a semiautomatic pistol, signing all of the paperwork in his own name. (Complaint, p. 7:7-8.) His rage continued in 2013, when he posted racist and misogynistic comments on several different websites and recorded videos of himself ranting on YouTube. In Spring 2013, Rodger purchased another pistol and several boxes of ammunition. (Complaint, p. 7:25-26.)

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

In July 2013, Rodger threatened some girls at a party in Isla Vista, and some boys came to their defense. They pushed Rodger off a ledge, which broke his ankle. His father took him to the hospital the following day and Rodger was interviewed by Sheriff's Deputies. When other party-goers told the Deputies that Rodger had been the aggressor, they did no further follow up or investigation. (Complaint, p. 8:1-17.) After recuperating at his mother's house for several weeks, he returned to Isla Vista in September, 2013. (Complaint, p. 8:18-20.) Capri management paired him with new roommates, Cheun-Yuan Hong and Weilan Wang, two of plaintiffs' decedents in this case. (Complaint, p. 8:20-22.)

In January 2014, Rodger became irritated at Hong and Wang because he did not like the smell of their cooking. He began taking their cookware and refused to return the items when his roommates confronted him. In response, Hong took some candles and candleholders from Rodger. Rodger placed Hong under citizens' arrest and called Sheriff's Department. Hong was arrested for petty theft but not ultimately charged. (Complaint, p. 9:7-20.)

In early 2014, Rodger began making specific plans to carry out his "Day of Retribution." He settled on May 23, 2014. (Complaint, p. 9:21-23.) In April 2014, Rodger uploaded more videos to YouTube, which revealed him to be unstable and dangerous. (Complaint, p. 9:24-28.)

On April 30, 2014, Sheriff's Deputies went to Rodger's apartment after getting a call from a mental health worker who saw Rodger's YouTube videos and believed he might be a danger to himself or others. Nobody from the Sheriff's Dept. watched the videos, performed a background check, or reviewed Rodger's online postings. When they went to Rodger's apartment, the Deputies did not request entry but only spoke with Rodger at the door. (Complaint, p. 10:1-9.) Rodger convinced the Deputies that it was a misunderstanding, and they left the apartment without taking any action.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

On May 23, 2014, Rodger killed Hong and Wang and their friend Junan Chen, who was visiting, at their apartment. He then emailed his "manifesto" to his parents, some friends, and his therapist before going out into Isla Vista, where he carried out a shooting rampage that left three more people dead and fourteen wounded.

On March 2, 2015, plaintiffs, the parents of decedents Hong, Wang and Chen, filed this civil rights lawsuit, alleging that the Sheriff's Department violated their Fourteenth Amendment right to due process when the Deputies failed to perform a background check or conduct a more thorough investigation on Rodger in the course of their welfare check at Rodger's apartment on April 30, 2014.

## III.
## STANDARD OF REVIEW

To state a claim for relief under section 1983, plaintiffs must plead facts that if true, would constitute the deprivation by the defendants of a right secured by the United States Constitution. *Johnson v. Knowles*, 113 F.3d 1114,1117 (9th Cir.) (citation omitted), cert. denied, 522 U.S. 996 (1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citations omitted).

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)]
4.

# IV.
# THE ALLEGATIONS DO NOT SUPPORT A CLAIM THAT THE DEPUTIES ACTIONS PLACED PLAINTIFFS' DECEDENTS IN DANGER

There is no dispute that the decedents died at the hands of Rodger, and not as a direct result of any action by the Sheriff's Department. Plaintiffs allege that nonetheless, the Sheriff's Department is liable here because it failed to reasonably investigate Rodger in conjunction with conducting a wellness check. (Complaint, p. 11:7-12:13.) Constitutional liability in this type of case, where the plaintiffs were harmed by a third party and not by the government, is narrowly restricted. "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Social Serv.*, 489 U.S. 189, 196 (1989). "The state's failure to protect an individual against private violence does not generally violate the guarantee of due process." *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1061 (9th Cir. 2006). Stated another way, "the Fourteenth Amendment typically does not impose a duty on the state to protect individuals from third parties." *Patel v. Kent School Dist.*, 648 F.3d 965, 974 (9th Cir. 2011).

Here, plaintiffs allege facts intended to fit within an exception to the general rule of no government liability for harm caused by private parties. Under case law, the government *can* be liable under these circumstances if state action affirmatively placed the plaintiff in a position of danger; that is, "where state action creates or exposes an individual to a danger which he or she would not have otherwise faced." *Kennedy, supra*, 439 F.3d at 1061. This state-created danger exception though, is narrowly construed. In order to state a claim under the state-created danger doctrine, plaintiff must establish that: (1) an affirmative action of the government placed the plaintiff in danger he would not otherwise

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)]
5.

have faced; (2) the danger was known and obvious; and (3) the officer acted with deliberate indifference to the known danger. *Kennedy, supra,* 439 F.3d at 1062-64.

Examples of circumstances in which Courts have found government liability for harm directly caused by third parties include *Wood v. Ostrander,* 879 F.2d 583 (9th Cir. 1989) and *Munger v. City of Glasgow*, 227 F.3d 1082 (9th Cir. 2000). In *Wood,* police officers arrested a drunk driver, took his keys, and left his female passenger on the side of the road in a high crime area, where she was subsequently raped. The Court held that the police had affirmatively created the danger that befell the plaintiff and could be liable. *Id.* at 589-590. In *Munger*, police responded to a bartender's call for help with a disturbance. The officers ejected the instigator from the bar in sub-freezing weather though he was dressed in only jeans and t-shirt. He died that night of hypothermia. Again, the Court held that these facts fit within the state-created danger doctrine because law enforcement affirmatively placed the decedent in a position of danger. *Id.* at 1087.

To state a claim then, plaintiffs must allege that the Sheriff's Deputies took an affirmative action that placed the victims in greater danger than they otherwise would have confronted, that the danger Rodger posed was known and obvious, and that they acted with deliberate indifference when they failed to further investigate. The Complaint does not adequately plead any of these three elements. Rather, the allegations only support a claim that the Deputies failed to stop Rodger from carrying out his already-planned "day of retribution."

A. Plaintiffs do not Allege an Affirmative Act that Caused Harm

To support the claim of an affirmative act, Plaintiffs allege, "[t]his failure on the part of the SBCSD [to request to enter the apartment or search Rodger's room] emboldened Rodger and caused him to adapt and expand his plans of

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)]
6.

violence, creating greater danger than existed previously." (Complaint, p. 10:9-11.) Plaintiffs support this contention by quoting from Rodger's "Manifesto" where he states:

> "[I]f they had demanded to search my room ... That would have ended everything…. When they left, the biggest wave of relief swept over me… This incident made me realize that I needed to be extra careful. I can't let anyone become suspicious of me…"

Complaint, p. 10:12-16. This statement does not support a claim of an affirmative action that increased the decedents' exposure to harm. It merely indicates Rodger's determination to carry out his plans and not be discovered. Rodger does not express any intention to enlarge his plans, or widen his scope. Any allegation that the officers' visit had that impact is entirely conclusory and not adequate to support a Fourteenth Amendment claim.

In addition, there is no contention in the Complaint (nor could there be) that the officers had probable cause to search Rodger's apartment. Without probable cause, the most they could have done legally is request entry. There's no indication that Rodger would have allowed the officers to enter the apartment. In fact, he writes that the Deputies would have thwarted his efforts if they had "demanded to search my room," not if they had "requested" to search the room. Any allegation regarding whether Rodger would have consented to a search of his apartment would be speculative and conclusory at best. For this additional reason, the Complaint does not adequately support a contention that the officers' actions placed the decedents at greater risk.

B. <u>Plaintiffs do not Allege that at the Time of the Wellness Check, Rodger Posed a Known and Obvious Danger</u>

Plaintiffs do not contend that Rodger posed a known and obvious danger at the time the Deputies visited him on April 31, 2014. The Complaint contains some detail about Rodger's decline that includes an incident in which he broke his ankle after an altercation at a party and a time that he made a citizen's arrest

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

of his roommate for taking his candles. These incidents might indicate that Rodger was hot-tempered, or vindictive, but there is nothing in the allegations that, if proven, would support a contention that Rodger posed a known and obvious danger. Rather, the Complaint suggests that while Rodger was increasingly disturbed internally, he did not present that way to the Deputies that came to his door on April 31.

C. There are Nothing But Conclusory Allegations that the Deputies Acted with Deliberate Indifference

"Deliberate indifference is a 'stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Patel v. Kent School Dist., supra*, 648 F.3d at 974. "The state actor must 'recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff. *Ibid.* Again, plaintiffs' allegations are conclusory: "defendants recklessly and with deliberate indifference created a dangerous condition by failing to reasonably investigate, reasonably perform any background check, and reasonably investigate the online postings of Rodger as part of conducting his 'wellness check.'" (Complaint, p. 11:8-12.) There are no facts in the Complaint that would suggest an actual intent by the Deputies to expose the plaintiffs' decedents to risk. Rather, the Complaint suggests a failure by the Deputies to discover facts that might have given them cause for greater concern. This however, does not meet the standard for deliberate indifference.

Because the Complaint does not in any substantive way allege that the Deputies' deliberate and intentional actions affirmatively placed the decedents are risk, it does not state a claim under the Due Process Clause.

///

///

## V. CONCLUSION

Plaintiffs' factual allegations support a claim that Rodger was disturbed and homicidal but they do not make out a claim under the Due Process Clause. There is nothing but speculative allegations that the Deputies actions increased any risk to the decedents or that Rodger posed a known and obvious danger when the Deputies visited him on April 31, 2014. Finally there is nothing but conclusory allegations that the Deputies were deliberately indifferent; that is, that they intended to cause defendants' harm. The events that transpired in Isla Vista in May 2014 were unconscionable. Nobody could fault these Plaintiffs from seeking retribution. However, law enforcement cannot be held liable for violence caused by private parties and the law significantly restricts government liability for harm that results. Rodger's actions here were not a result of a Due Process violation by the Sheriff's Department. The Sheriff's Department requests dismissal with prejudice.

Dated: May 3, 2015　　　　　MICHAEL C. GHIZZONI
　　　　　　　　　　　　　　COUNTY COUNSEL


By: /s/
Lisa A. Rothstein
Senior Deputy County Counsel
Attorneys for Defendant
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY SHERIFF'S
DEPARTMENT

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

COUNTY DEFENDANTS' MOTION TO DISMISS [FRCP 12(b)(6)]
9.

# DECLARATION OF SERVICE BY MAIL

I am a citizen of the United States and a resident of Santa Barbara County. I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Suite 201, Santa Barbara, CA.

On May 4, 2015, I served a true copy of the within **DEFENDANTS COUNTY OF SANTA BARBARA AND SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS COMPLAINT (FRCP 12(b)(6))** on the interested parties in this action by:

☒ electronic transmission via CM/ECF to the persons indicated below:

Todd Becker
Inna S. Demin
BECKER LAW GROUP
3750 E. Anaheim St., Suite 100
Long Beach, CA 90804
demin@toddbeckerlaw.com
becker@toddbeckerlaw.com

Patrick McNicholas
David Angeloff
MCNICHOLAS & MCNICHOLAS, LLP
10866 Wilshire Blvd., Suite 1400
Los Angeles, CA 90024
pmc@mcnicholaslaw.com
da@mcnicholaslaw.com

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 4, 2015, at Santa Barbara, California.

_____/s/_____
Sue Collisson