William S. Kronenberg – 133730
  *wkronenberg@krolaw.com*
Stephen H. Fleischer-Ihn – 264974
  *Sfleischer-ihn@krolaw.com*
Kronenberg Law, P.C.
1999 Harrison Street, Suite 1450
Oakland, CA  94612-4729
Telephone:   (510) 254-6767
Facsimile:    (510) 788-4092

Attorneys for Defendant
ASSET CAMPUS HOUSING, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING, and DOES 1 through 200, Inclusive,<br><br>    Defendants. | Case No.: 2:15-CV-01509-JFW (JEMx)<br><br>**ANSWER OF DEFENDANT ASSET CAMPUS HOUSING, INC. TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>Judge: Hon. John F. Walter<br>Courtroom 16 – Spring Street |

COMES NOW DEFENDANT ASSET CAMPUS HOUSING ("Defendant"), a Texas Corporation, and in answering the First Amended Complaint for Damages of Plaintiffs, admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Answering Paragraph 1, Defendant admits all allegations.

2. Answering Paragraph 2, Defendant admits that venue is proper but lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

3. Answering Paragraph 3, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

4. Answering Paragraph 4, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

5. Answering Paragraph 5, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

6. Answering Paragraph 6, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein..

7. Answering Paragraph 7, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

8. Answering Paragraph 8, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

9. Answering Paragraph 9, Defendant admits sentences 1, 2, 3, and 5, but lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

10. Answering Paragraph 10, Defendant admits all allegations.

11. Answering Paragraph 11, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

12. Answering Paragraph 12, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

13.   Answering Paragraph 13, Defendant admits it was and is a corporation existing under the laws of the State of Texas and providing services and conducting business in the State of California with a principal place of business location at 675 Bering Dr., Suite 200, Houston, TX 77057. Defendant denies each of the remaining allegations therein.

14.   Answering Paragraph 14, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

15.   Answering Paragraph 15, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

16.   Answering Paragraph 16, Defendant denies all allegations therein.

17.   Answering Paragraph 17, this paragraph contains no factual allegations to which a response is required.

18.   Answering Paragraph 18, Defendant admits all allegations.

19.   Answering Paragraph 19, Defendant admits all allegations.

20.   Answering Paragraph 20, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION HEREIN

21.   Answering Paragraph 21, Defendant admits all allegations therein with the exception denying that CAPRI assigned Rodger to live in Apt. #7 and paired Rodger with two roommates to live with in Apt. #7.

22.   Answering Paragraph 22, Defendant admits sentence 5. Defendant admits sentence 1 with the exception of denying that Rodger was assigned by CAPRI two new roommates. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

23.   Answering Paragraph 23, Defendant admits sentence 1 with the exception

of denying that CAPRI assigned Rodger a new roommate. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

24. Answering Paragraph 24, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

25. Answering Paragraph 25, Defendant admits sentence 5. Defendant admits that it received complaints about Rodger from Horowitz, but lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

26. Answering Paragraph 26, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

27. Answering Paragraph 27, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

28. Answering Paragraph 28, Defendant admits sentence 1 that Rodger was transferred to Apt. #7 at the main Capri complex on Seville Road, the same apartment he had occupied in June of 2011, with the exception of denying that Rodger was transferred by CAPRI. Defendant admits sentence 3 that after a month Rodger was assigned two new roommates, but denies that CAPRI assigned Rodger the new roommates. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

29. Answering Paragraph 29, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

30. Answering Paragraph 30, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every

allegation therein.

31. Answering Paragraph 31, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

32. Answering Paragraph 32, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

33. Answering Paragraph 33, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

34. Answering Paragraph 34, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

35. Answering Paragraph 35, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

36. Answering Paragraph 36, Defendant admits sentence 2 to the extent that it was involved in arranging for Rodger's roommates. Defendant admits sentence 2 with the exception of denying that CAPRI assigned Hong and Wang as Rodger's new roommates. Defendant denies sentence 8 to the extent that CAPRI affirmatively undertook to pair Hong, Wang, and Rodger as roommates. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

37. Answering Paragraph 37, Defendant admits sentence 10 to the extent that it was aware that law enforcement officers had come to Apt. #7 due to a dispute between Rodger and his roommates. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

1  38. Answering Paragraph 38, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

39. Answering Paragraph 39, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

40. Answering Paragraph 40, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

41. Answering Paragraph 41, Defendant admits Rodger killed his two roommates and a visiting friend of theirs. Defendant admits that Rodger then went into Isla Vista and carried out a shooting rampage that killed another three people and wounded fourteen. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

## FIRST CAUSE OF ACTION

### VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AGAINST DEFENDANTS COUNTY; SBCSD; AND DOES 1-50, INCLUSIVE

42. Insofar as a response is required to Paragraph 42, Defendant incorporates its responses to Paragraphs 1-41 as set forth in this Answer.

43. Answering Paragraph 43, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

44. Answering Paragraph 44, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

45. Answering Paragraph 45, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every

1 allegation therein.

2 46. Answering Paragraph 46, Defendant lacks information sufficient to form a
3 belief about the truth of the allegations and on that ground, deny each and every
4 allegation therein.

5 47. Answering Paragraph 47, Defendant lacks information sufficient to form a
6 belief about the truth of the allegations and on that ground, deny each and every
7 allegation therein.

8 48. Answering Paragraph 48, Defendant lacks information sufficient to form a
9 belief about the truth of the allegations and on that ground, deny each and every
10 allegation therein.

11 49. Answering Paragraph 49, Defendant lacks information sufficient to form a
12 belief about the truth of the allegations and on that ground, deny each and every
13 allegation therein.

## SECOND CAUSE OF ACTION

## NEGLIGENCE AGAINST DEFENDANTS CAPRI, ASSET, AND DOES 51-100, INCLUSIVE

17 50. Insofar as a response is required to Paragraph 50, Defendant incorporates
18 its responses to Paragraphs 1-49 as set forth in this Answer.

19 51. Answering Paragraph 51, Defendant denies all allegations.

20 52. Answering Paragraph 52, Defendant denies all allegations.

21 53. Answering Paragraph 53, Defendant denies all allegations.

22 54. Answering Paragraph 54, Defendant denies all allegations.

23 55. Answering Paragraph 55, Defendant denies all allegations.

24 56. Answering Paragraph 56, Defendant denies all allegations.

25 57. Answering Paragraph 57, Defendant denies all allegations.

## PRAYER FOR RELIEF

27 On page 15 of the First Amended Complaint, Plaintiffs make a Prayer for Relief
28 which sets forth their alleged damages and does not assert material allegations requiring

1  an Answer. To the extent Plaintiffs' Prayer for Relief requires a response, Defendant
2  denies all allegations.

## AFFIRMATIVE DEFENSES

4  58. As separate and distinct affirmative defenses, Defendant alleges as follows. By alleging the matters set forth below as "Affirmative Defenses," Defendant does not thereby allege or admit that it has the burden of proof of the burden of persuasion with respect to any of these matters. Furthermore, Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this answer and assert all such defenses.

11  59. As a Second Affirmative Defense, the First Amended Complaint for Damages fails to state facts sufficient to constitute a cause of action against Defendant.

13  60. As a Third Affirmative Defense, and each of the claims set forth therein, Defendant is informed and believes and thereon alleges that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the complaint. Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiffs, or settlement or judgment against Defendant, an apportionment of fault be made among all parties, as permitted by Li v. Yellow Cab Co. and American Motorcycle Assn. v. Superior Court, by the Court or jury. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

24  61. As a Fourth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs themselves were negligent and/or careless in and about the matters referred to in the First Amended Complaint and to the extent that such negligence and/or carelessness on the part of Plaintiffs caused and/or contributed to the alleged damages, if any there were, Plaintiffs' recovery should be barred or

proportionately reduced.

62. As a Fifth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs lack standing to sue.

63. As a Sixth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs are not owed the duties by Defendant as alleged in the First Amended Complaint.

64. As a Seventh Affirmative Defense, Defendant is informed and believes and thereon alleges that Defendant did not breach any duties, if any existed, to Plaintiffs as alleged in the First Amended Complaint.

65. As an Eighth Affirmative Defense, Defendant is informed and believes and thereon alleges that no causal relationship exists between the behavior as alleged against Defendant in the First Amended Complaint and Plaintiffs' alleged damages.

66. As a Ninth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs failed to mitigate their damages.

67. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant ASSET CAMPUS HOUSING, INC. prays that Plaintiffs take nothing by way of their First Amended Complaint, and that the First Amended Complaint be dismissed and Defendant awarded its costs, including reasonable attorneys' fees and such other relief as the Court may deem just and proper.

DATED: May 27, 2015                    KRONENBERG LAW, P.C.


By ___/s/ William S. Kronenberg___
William S. Kronenberg
Stephen H. Fleischer-Ihn
Attorneys for Defendant
ASSET CAMPUS HOUSING, INC.