1 │ McNICHOLAS & McNICHOLAS LLP
  │ Patrick McNicholas (State Bar No. 125868)
2 │ pmc@mcnicholaslaw.com
  │ David M. Angeloff (State Bar No. 272929)
3 │ da@mcnicholaslaw.com
  │ 10866 Wilshire Boulevard, Suite 1400
4 │ Los Angeles, CA 90024-4338
  │ Tel:   (310) 474-1582
5 │ Fax:   (310) 475-7871

6 │ Attorneys for Plaintiffs,
  │ JUNAN CHEN, KELLY YAO WANG,
7 │ CHANGSHUANG WANG,
  │ JINSHUANG LIU, LICHU CHEN, and
8 │ WENQUEI HONG

9 │ BECKER LAW GROUP
  │ Todd Becker, Esq. (State Bar No. 127567)
10 │ Inna S. Demin, Esq. (State Bar No. 266737)
   │ 3750 E. Anaheim Street, Suite 100
11 │ Long Beach, CA 90804
   │ Tel: (562) 495-1500
12 │ Fax: (562) 494-8904
   │ Attorney for Plaintiffs
13 │ JUNAN CHEN, KELLY YAO WANG,
   │ CHANGSHUANG WANG,
14 │ JINSHUANG LIU, LICHU CHEN, and
   │ WENQUEI HONG

15 │ 

16 │ UNITED STATES DISTRICT COURT

   │ CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
17 │

18 │
   │ JUNAN CHEN, KELLY YAO WANG,          Case No. 2:15-CV-01509 JFW-JEM
19 │ CHANGSHUANG WANG,
   │ JINSHUANG LIU, LICHU CHEN, and
20 │ WENQUEI HONG,

21 │          Plaintiffs,                 **JOINT RULE 26(f) REPORT**

22 │     v.

23 │ COUNTY OF SANTA BARBARA;             Complaint Served: March 19, 2015
   │ SANTA BARBARA COUNTY                 First Amended Complaint: Served May
24 │ SHERIFF'S DEPARTMENT; CAPRI          20, 2015
   │ APARTMENTS AT ISLA VISTA;            CAPRI FAC Response Date:
25 │ ASSET CAMPUS HOUSING; and            Original date: May 27, 2015
   │ DOES 1 through 200, Inclusive,       New Date: June 15, 2015 (Per Doc. No.
26 │                                      41)
   │          Defendants.                 COUNTY Response to First Amended
27 │                                      Complaint due: June 8, 2015

28 │

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1   Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26-1,
2   and the Court's Minute Order of March 18, 2015, a meeting was held among the
3   parties on May 14, 2015.  The meeting was attended by the following counsel:

4        *   For all plaintiffs, Patrick McNicholas, David Angeloff and Todd
5   Becker;

6        *   For defendant Hi Desert Mobile Home Park LP, erroneously sued as
7   "Capri Apartments at Isla Vista" (Capri), Eugene Egan and Christopher Kanjo;

8        *   For defendant Asset Campus Housing (Asset), William Kronenberg
9   and Stephen Fleischer-Ihn;

10       *   For defendants County Of Santa Barbara and Santa Barbara County
11  Sheriff's Department (collectively "County of Santa Barbara"), Lisa Rothstein.

12

13  This report responds to the information sought by the Court's Minute Order of
14  March 18, 2015, as follows:

15  **1.   Basis for and Issues re Jurisdiction, Service Issues:**

16  This Court has original jurisdiction under 28 U.S.C. § 1331 because
17  Plaintiffs' Complaint includes a claim against Defendants for violation of 42 U.S.C.
18  § 1983. This Court has supplemental jurisdiction over all other claims or causes of
19  action asserted in the Complaint under the laws of the State of California pursuant to
20  28 U.S.C. § 1367. All named Defendants have been served.

21  **2.   Brief Chronology:**

22  This matter is a wrongful death action brought by the parents of three young
23  men who were killed by a cohabitant, Elliot Rodger ("Rodger") in the apartment
24  they were living in and visiting, respectively, on May 23, 2014 in Isla Vista,
25  California. The apartment complex in which the decedents and Rodger lived was
26  known as the "Capri Apartments," and is owned by Capri and was managed at the
27  time by Asset.

28  The Plaintiffs allege that Capri and ACH negligently failed to investigate or

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    evict Rodger and affirmatively undertook to place Cheng-Yuan "James" Hong

2    ("Hong") and Weihan "David" Wang ("Wang) as roommates with Rodger, despite

3    the fact that Capri and ACH had been warned by a prior roommate of Rodger's that

4    Rodger was a "ticking time bomb" and a threat to those in the apartment. The

5    Plaintiffs allege this affirmative pairing exposed Hong and Wang, as well as their

6    foreseeable guest, George Chen ("Chen"), to a known danger and resulted in their

7    deaths.

8         Capri and Asset deny all of Plaintiffs' allegations as against Capri and Asset,

9    and add that Capri had no knowledge of, and played no role in the tenant issues

10   alleged by plaintiffs, including the assignment of roommates.

11        The Plaintiffs further allege that the County of Santa Barbara and the Santa

12   Barbara County Sheriff's Department effected constitutional deprivations on the

13   decedents when Sheriff's Deputies, recklessly and with deliberate indifference,

14   created a dangerous condition by failing to reasonably investigate, reasonably

15   perform any background check, and reasonably investigate the online postings of

16   Rodger as part of conducting a "wellness check" upon him. These actions by the

17   County of Santa Barbara and the Santa Barbara County Sheriff's Department

18   increased and modified the danger Rodger posed to the decedents.

19        County of Santa Barbara denies all of Plaintiffs' allegations as against

20   County.

21   **3.    Brief Statement of Disputed Points, with References:**

22        <u>As to Plaintiffs:</u>

23        Whether Capri and ACH owed a duty to the decedents based on the specific

24   warning given to Capri and ACH by Elliot Rodger's previous roommate [*Barber v.*

25   *Chang*, 151 Cal. App. 4th 1456, 1464 (2007)]; Whether Capri and ACH owed a duty

26   to the decedents based on Capri and ACH's affirmative placement of Hong and

27   Wang as roommates with Elliot Rodger [*Delgado v. Trax Bar & Grill* 36 Cal.4th

28   224, 237 (2005)].

1   Whether the County of Santa Barbara effectuated a constitutional deprivation
2   on the decedents under the "danger creation" doctrine by creating, increasing, and
3   modifying a danger posed by Elliot Rodger to the decedents [*Kennedey v. Ridgefield*
4   439 F.3d 1055].

5   As to Capri:

6   Whether Capri owed any duty to plaintiffs to protect against the criminal
7   conduct of Elliot Rodger absent notice of a "propensity for violence" [*Barber v.*
8   *Chang*, 151 Cal. App. 4th 1456, 1464 (2007)]; whether the criminal conduct of
9   Elliot Roger can be deemed reasonably foreseeable absent actual knowledge by
10  Capri or its agents (constructive knowledge or "should have known" are insufficient
11  standards) [*Margaret W. v. Kelley R.*, 139 Cal. App. 4th 141, 156 (2006)]; whether
12  the other behaviors of Elliot Roger alleged to have been known to Capri or its agents
13  give rise to a duty to plaintiffs [*Andrews v, Mobile Aire Estates*, 125 Cal.App.4th
14  578 (2005)]; whether the alleged knowledge of Capri or its agents that Rodger was
15  mentally unstable gave rise to a duty to plaintiffs [*Davis v. Gomez*, 207 Cal.App.3d
16  1401 (1989)]; whether the release and express assumption of risk for the conduct of
17  roommates contained in the lease agreements for the premises at issue affords "a
18  complete defense" [*Eriksson v. Nunnink*, 233 Cal.App.4th 708, 725(2015)]; whether
19  an act of Capri or its agents was a substantial factor causing the ultimate injury.
20  [Saelzler v. Advanced Group 400, 25 Cal.4th 763, 780-781 (2001)]; whether and to
21  what extent Capri would be liable, as alleged principal, for alleged wrongful acts of
22  Asset.

23  As to Asset:

24  Whether Asset owed any duty to plaintiffs to protect against the criminal
25  conduct of Elliot Rodger absent notice of a "propensity for violence" [*Barber v.*
26  *Chang*, 151 Cal. App. 4th 1456, 1464 (2007)]; whether the criminal conduct of
27  Elliot Roger can be deemed reasonably foreseeable absent actual knowledge by
28  Asset or its agents (constructive knowledge or "should have known" are insufficient

1   standards) [*Margaret W. v. Kelley R.*, 139 Cal. App. 4th 141, 156 (2006)]; whether

2   the other behaviors of Elliot Roger alleged to have been known to Asset or its agents

3   give rise to a duty to plaintiffs [*Andrews v, Mobile Aire Estates*, 125 Cal.App.4th

4   578 (2005)]; whether the alleged knowledge of Asset or its agents that Rodger was

5   mentally unstable gave rise to a duty to plaintiffs [*Davis v. Gomez*, 207 Cal.App.3d

6   1401 (1989)]; whether Asset provided measures reasonable under the circumstances

7   to protect tenants [*Delgado v. Trax Bar & Grill*, 36 Cal.4th 224, 243 (2005)];

8   whether the release and express assumption of risk for the conduct of roommates

9   contained in the lease agreements for the premises at issue affords Asset "a complete

10  defense" [*Eriksson v. Nunnink*, 233 Cal.App.4th 708, 725 (2015)]; whether an act of

11  Asset or its agents was a substantial factor causing the ultimate injury. [*Saelzler v.*

12  *Advanced Group 400*, 25 Cal.4th 763, 780-781 (2001)].

13        As to County of Santa Barbara:

14        County of Santa Barbara disputes Plaintiffs' allegation that County violated

15  any Plaintiffs' due process rights under the Fourteenth Amendment to the U.S.

16  Constitution when County employees went to Elliot Rodger's residence on April 30,

17  2015.  County asserts that it had no duty to protect Plaintiffs' or their sons from

18  crimes of Elliot Rodger, who was a private actor, and that no exception, particularly

19  the danger creation exception to this rule, applies here. *DeShaney v. Winnebago*

20  *County Dep't of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249

21  (1989); *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 125 S.Ct. 2796, 162

22  L.Ed.2d 658 (2005).

23        County further disputes Plaintiffs' allegations on grounds that even if a

24  County employee deprived any plaintiff of a constitutional right, that employee was

25  not acting pursuant to an expressly adopted official policy or a longstanding practice

26  or custom of the County; nor were the County's training policies inadequate to train

27  its deputies; nor was the County deliberately indifferent to obvious consequences of

28  a failure to train its deputies adequately. *Monell v. Dep't of Social Services of the*

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

**JOINT RULE 26(f) REPORT**

1 | *City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *City of*
2 | *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).  County
3 | further disputes that any act of a County employee or the County was the moving
4 | force causing the ultimate injury.

5 | **4.     Prior, Pending and Anticipated Motions:**

6 | <u>As to Plaintiffs:</u>

7 | Plaintiffs do not anticipate filing any motions at this time.

8 | <u>As to Capri:</u>

9 | Rule 12(b)6 Motion to Dismiss based on no duty arising from facts alleged, to
10 | be filed before May 27, 2015 June 15, 2015; if denied, anticipated Rule 56 Motion
11 | for Summary Judgment based upon no facts adduced to support a duty, and further
12 | based upon an express assumption of the risk by the decedents that extends to the
13 | within wrongful death claims, and summary adjudication that any alleged liability of
14 | Capri is vicarious only, to be filed in or around February or March, 2015.

15 | <u>As to Asset:</u>

16 | Anticipated Rule 56 Motion for Summary Judgment based upon no facts
17 | shown to support a duty owed, express assumption of risk, and causation to be filed
18 | in or around March 2015.

19 | <u>As to County of Santa Barbara:</u>

20 | On May 4, 2015, County of Santa Barbara filed a motion to dismiss Plaintiffs'
21 | first cause of action alleged in their complaint under Rule 12(b)(6). That motion was
22 | stricken by the Court on May 7, 2015; County of Santa Barbara therefore answered
23 | the complaint.

24 | Plaintiffs filed a First Amended Complaint on May 20, 2015. County of Santa
25 | Barbara intends to file a motion for judgment on the pleadings under Rule 12(c) but
26 | has not ruled out the alternative of filing a motion to dismiss the first amended
27 | complaint under Rule 12(b). If Plaintiffs' action proceeds, County of Santa Barbara
28 | expects to file a Rule 56 motion for summary judgment on grounds that the Court

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  may determine as a matter of law that County of Santa Barbara cannot be liable

2  under any *Monell* theory of liability.

3  **5.      Changes to Parties, Claims, Defenses:**

4            The parties do not anticipate changes to parties, claims, or defenses.

5  **6.      Compliance with FRCP26(a) Disclosures:**

6            All parties will have completed their disclosures by the June 1, 2015 deadline

7  for the within report contained in the Court's Minute Order of March 18, 2015.

8  **7.      Discovery:**

9            The parties' full discovery plan is attached as an Addendum to this report.

10  **8.     Related Case:**

11            The parties are aware of one related case, currently pending in the United

12  States District Court, Central District of California, (but not pending before another

13  judge of this Court) styled ANTOINE CHERCHIAN Plaintiff vs. COUNTY OF

14  SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S

15  DEPARTMENT; REGENTS OF THE UNIVERSITY OF CALIFORNIA; and

16  DOES 1-100, bearing Case No. 2:15-CV-0175-JFW-JEM

17  **9.     All Relief Sought, Damages and Calculation Thereof:**

18            Each Plaintiff seeks damages from the Defendants in an amount not less than

19  $10,000,000.00, comprised of compensatory and general damages for past, present

20  and future psychological, emotional and physical pain, suffering, distress and injury

21  from the loss of their sons; medical and incidental expenses in an amount to be

22  proven, and; reasonable attorneys' fees pursuant to U.S.C. § 1988. Computation of

23  each category cannot be made at this time, as discovery has not yet begun.

24  **10.    Regarding Certification of Interested Parties:**

25  As to Plaintiffs:

26            Filed its Certification on March 4, 2015. Other than the parties to this action

27  as identified in its Certification, Plaintiffs are not aware of any other entities having

28  any interest in the subject matter or in any party, or any other interest that could be

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

1  substantially affected by the outcome.

2  <u>As to Capri</u>:

3        Filed its Certification on April 7, 2015.  Other than the parties to this action as

4  identified in its Certification, Capri is aware of no entities having any interest in the

5  subject matter or in any party, or any other interest that could be substantially

6  affected by the outcome.

7  <u>As to Asset</u>:

8        Filed its Certification on May 27, 2015. Other than the parties to this action as

9  identified in the Certification, Asset is not currently aware of entities having interest

10  in the subject matter or in any party, or any other interest that could be substantially

11  affected by the outcome.

12  <u>As to County of Santa Barbara</u>:

13        County of Santa Barbara filed its Certification and Notice of Interested Parties

14  on March 18, 2015. The contents of that certification identify the County of Santa

15  Barbara and its Sheriff's Department as interested parties. Aside from all parties to

16  this civil action, the County of Santa Barbara is unaware of any party with an

17  interest in the subject matter of this case or with any interest that could be

18  substantially affected by the outcome of this case.

19  **11.    Appropriate Dates:**

20        <u>Trial</u>:  August 30, 2016

21        <u>Final Pre-Trial Conference</u>:  August 8, 2016

22        <u>Motion Cut-Off</u>:  July 18, 2016

23        <u>Discovery Cut-Off</u>:  June 20, 2016

24        <u>Expert Disclosures</u>:  May 16, 2016

25  **12.    Trial:**

26        The parties anticipate a jury trial, with a preliminary estimate of 20 Court

27  days.

28  ///

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**13.    Efforts to Resolve to Date/Maximization of Settlement Prospects:**

Preliminary settlement discussions have taken place, and parties expect that private mediation will be of assistance.

**14.    Complex Case?**

The parties do not believe this matter is complex or requires reference to the procedures in the Manual on Complex Litigation.

**15.    Dispositive Motions:**

As to Plaintiffs:

Plaintiffs do not intend to bring any dispositive motions and will oppose the dispositive motions brought by each defendant.

As to Capri:

Both the Rule 12(b)6 Motion and the Rule 56 Motion for Summary Judgment and Summary Adjudication identified at Item 4 above are potentially dispositive of the case as to this defendant.

As to Asset:

Anticipated Rule 56 Motion for Summary Judgment based upon no facts shown to support a duty owed, express assumption of risk, and causation.

As to County of Santa Barbara:

County of Santa Barbara intends to file a motion for judgment on the pleadings under Rule 12(c) or a motion to dismiss Plaintiffs' First Amended Complaint as against the County, pursuant to Rule 12(b)(6). A motion under Rule 12(b)(6) or Rule 12(c)  may be dispositive of Plaintiffs' claims against the County. If the case proceeds, County of Santa Barbara expects to bring a Rule 56 motion for summary judgment,, which may be dispositive of Plaintiffs' claims against the County of Santa Barbara.

**16.    Unusual Legal Issues Presented:**

The parties do not anticipate any unusual legal issues. County of Santa Barbara expects that a protective order may be needed to protect confidential

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  County of Santa Barbara records.

2  **17. Ordering of Proof:**

3      Plaintiffs believe there should be no bifurcation or other modification of

4  ordering of proof.

5      All Defendants submit the matter should be bifurcated and no damages

6  testimony should be given until liability has been established by plaintiffs, as the

7  jury will likely become unduly biased toward plaintiffs as a result of their profound

8  sympathy toward the parents of children who were killed.

9  **18.  Settlement/Alternative Dispute Resolution:**

10     No substantial settlement discussions or written communications regarding

11 settlement have occurred.

12     On March 3, 2015, the Court issued a Notice to Parties of Court-Directed

13 ADR Program. Pursuant to Local Rule 16-15.4, the parties jointly select <u>ADR</u>

14 <u>Procedure No. 2</u> ("The parties shall appear before a neutral selected from the

15 Court's Mediation Panel"). The ADR session should occur on or before  March 18,

16 2016.

17 **19.  Manual for Complex Litigation:**

18     The parties do not believe that this is  complex case requiring utilization of

19 the Manual for Complex Litigation.

20

21 *      *      *      *      *

22 The lead trial counsel for each party is a registered ECF User and has provided their

23 Email Address of Record.

24

25

26

27

28

1   DATED:  June 1, 2015          McNICHOLAS & McNICHOLAS, LLP
2                                 BECKER LAW GROUP

3                                 By:  /S/ - Patrick McNicholas
4                                      Patrick McNicholas
                                       David Angeloff
5                                      Todd Becker
                                       Attorneys for Plaintiffs,
6                                      JUNAN CHEN, KELLY YAO WANG,
                                       CHANGSHUANG WANG, JINSHUANG
7                                      LIU, LICHU CHEN, and WENQUEI
                                       HONG
8

9   DATED:  June 1, 2015          MANNING & KASS
10                                ELLROD. RAMIREZ. TRESTER LLP

11

12                                By:  /S/ - Eugene J. Egan
13                                     Eugene J. Egan
                                       Christopher A. Kanjo
14                                     Attorneys for Defendant HI DESERT
                                       MOBILE HOME PARK LP (erroneously
15                                     sued as "CAPRI APARTMENTS AT ISLA
                                       VISTA")
16

17  DATED:  June 1, 2015          MICHAEL C. GHIZZONI
18                                COUNTY COUNSEL

19

20                                By:  /S/ - Mary Pat Barry
                                       Mary Pat Barry
21                                     Sr. Deputy County Counsel
                                       Attorneys for Defendants
22                                     COUNTY OF SANTA BARBARA and
                                       SANTA BARBARA COUNTY SHERIFF'S
23                                     DEPARTMENT

24

25

26

27

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1   DATED:  June 1, 2015                **KRONENBERG LAW, P.C.**

2

3

4                                       By:  /S/ - William S. Kronenberg

5                                            William S. Kronenberg
                                             Stephen Fleischer-Ihn
6                                            Attorneys for Defendant
                                             ASSET CAMPUS HOUSING. INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Case No. 2:15-CV-01509
**JOINT RULE 26(f) REPORT**

**ADDENDUM 1 TO THE PARTIES' JOINT RULE 26(f) REPORT: JOINT DISCOVERY PLAN**

TO THE ABOVE-ENTITLED COURT:

In accordance with the Scheduling Conference Order by the Court requiring a Joint Rule 26(f) Report, counsel for all parties submit the following Joint Discovery Plan:

Plaintiff's Discovery as to Capri and Asset:

Written interrogatories, requests for admission, and demands for production of documents and other tangible things to each defendant to be propounded by December 2015. Plaintiffs also intend to demand inspection of Defendants' facilities. Plaintiffs may need to conduct electronic discovery of Defendants' records, including electronic records such as email and computer files. Plaintiff may also need to subpoena third party records related to Elliot Rodger's activities.

Depositions of witnesses as well as the depositions of persons designated by Capri and Asset pursuant to Federal Rule of Civil Procedure 30(b)(6) on the topics of tenant background checks, communications from tenants to management regarding Elliot Rodger, communications from outside parties to management regarding Elliot Rodger, policies and procedures of Capri, policies and procedures of Asset, and the relationship between Asset and Capri.

Plaintiff's Discovery as to County of Santa Barbara:

Written interrogatories, requests for admission, and demands for production of documents and other tangible things to each defendant to be propounded by December 2015. Plaintiffs may need to conduct electronic discovery of Defendants' records, including electronic records such call logs, incident reports, and computer files.

Depositions of witnesses as well as the depositions of persons designated by the County of Santa Barbara pursuant to Federal Rule of Civil Procedure 30(b)(6)

Manning&Kass
Ellrod, Ramirez, Trester LLP
ATTORNEYS AT LAW

1   on the topics of policies and procedures regarding welfare checks, the welfare check
2   conducted on Elliot Rodger on or about April 30, 2014, the incident report from
3   Elliot Rodger's May 23, 2014 killing spree, use of the Department of Justice
4   Automated Firearms System via the California Law Enforcement
5   Telecommunications System, the January 15, 2014 incident which led to the arrest
6   of Hong, and other law enforcement contacts with Elliot Rodger prior to April 30,
7   2014.
8        County of Santa Barbara's position on subjects addressed by Rule 26(f) is as
9   follows:
10       Rule 26(f)(A): At this time, County does not recommend any changes in the
11   timing, form or requirement for disclosures under Rule 26(a).
12       Rule 26(f)(B): The County expects propounding limited written discovery and
13   conducting depositions focused on the issue of Plaintiffs' alleged damages. County
14   does not at this time see a need for an order requiring discovery to be conducted in
15   phases or focusing discovery on particular issues,
16       Rule 26(f)(C): County anticipates no issues regarding disclosure or discovery
17   of electronically stored information.
18       Rule 26(f)(D): County does expect issues concerning the need to protect the
19   confidentiality of Santa Barbara Sheriff's Office records and expects that the parties
20   will meet and confer as required by Rule 26(c) and submit a Stipulated Protective
21   Order to the Magistrate Judge for approval prior to production of any records
22   warranting such protection.
23       Rule 26(f)(E) & (F): County does not request any changes in the limitations
24   on discovery imposed by the Federal Rules of Civil Procedure or the Central
25   District's Local Civil Rules. At this time, the County does not request that the Court
26   issue any other orders under Rule 26(c) or Rule 16(b) or (c).
27       Asset's position on subjects addressed by Rule 26(f) is as follows:
28       Rule 26(f)(A): At this time, Asset does not recommend any changes in the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1   timing, form or requirement for disclosures under Rule 26(a).

2      Rule 26(f)(B): Asset will propound written discovery and conduct depositions

3   focused on the issue of Plaintiffs' alleged damages. Asset may also conduct

4   depositions on third parties knowledgeable of Elliot Rodger's conditions prior to the

5   incident, if any. Asset does not at this time see a need for an order requiring

6   discovery to be conducted in phases or focusing discovery on particular issues, and

7   anticipates completing the above discovery by February 2016.

8      Rule 26(f)(C): Asset anticipates no issues regarding disclosure or discovery of

9   electronically stored information, and expects to produce responsive electronically

10  stored information in its original form, if required.

11     Rule 26(f)(D): Asset does expect issues concerning the need to protect the

12  confidentiality of current and past tenant information and expects that the parties

13  will meet and confer as required by Rule 26(c) and submit a Stipulated Protective

14  Order to the Magistrate Judge for approval prior to production of any records

15  warranting such protection.

16     Rule 26(f)(E): Asset does not request any changes in the limitations on

17  discovery imposed by the Federal Rules of Civil Procedure or the Central District's

18  Local Civil Rules.

19     Rule 26(f)(F): At this time, the Asset does not request that the Court issue any

20  other orders under Rule 26(c) or Rule 16(b) or (c).

21

22

23

24

25

26

27

28

Case No. 2:15-CV-01509

**JOINT RULE 26(f) REPORT**