Eugene J. Egan (State Bar No. 130108)
  *eje@manningllp.com*
Christopher A. Kanjo (State Bar No. 128015)
  *cak@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant HI DESERT MOBILE HOME PARK LP (erroneously sued as "CAPRI APARTMENTS AT ISLA VISTA")

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING, and DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No. 2:15-CV-01509- JFW (JEMx)<br><br>**DECLARATION ON BEHALF OF DEFENDANT CAPRI RE: RESOLVED AND UNRESOLVED ISSUES FOLLOWING IN-PERSON CONFERENCE ON MOTION TO STRIKE**<br><br>Trial Date:     April 26, 2016 |

I, Eugene J. Egan, hereby declare as follows:

 1.   I am an attorney at law duly admitted to practice before all of the courts of the State of California and a member of the bar of this Court. I am a partner in the law firm of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendant Hi Desert Mobile Park LP, erroneously sued and served as Capri Apartments at Isla Vista ("Capri"). This Declaration is being filed in conformity with the requirements of the May 28, 2015, Order of this honorable Court

[Document 41]. The facts set forth in this Declaration are based upon my own personal knowledge, and if called upon, I could and would competently testify thereto.

2. I am the lead counsel for Defendant Capri. On last Thursday, June 4, 2015, I met in person with Plaintiffs' counsel Patrick McNicholas, David Angeloff, and Abel Nair at their office to discuss the merits of the Fed.R.Civ.P. 12(b)(6) Motion to Dismiss that is expected to be filed by Defendant Capri. Counsel spent 70 minutes discussing pending issues in the case, including almost 45 minutes discussing the issues of said Motion, raised by the points and authorities cited in Defendant's three-page meet and confer letter dated May 22, 2015, and set forth at further length in the Motion to Dismiss previously filed but stricken by this Court's May 28, 2015 Order.

3. Specifically, we discussed Defendant's argument that Plaintiffs' allegations of constructive notice do not create a duty to prevent the third party criminal act because actual notice must be pled. We also discussed that the allegations of actual notice of certain behaviors of the assailant roommate were not adequate to put the Defendants on notice of the potential for the criminal acts which occurred so as to create a duty to prevent them. Finally, we discussed Plaintiffs' new allegation, documented in a letter they possess, concerning former roommate Spencer Horowitz's expressed concerns about the assailant's emotional stability, as those allegations also were not adequate to create a duty to prevent future harm. Plaintiffs are not prepared to share the content of this letter they possess, the details of which are not included in the First Amended Complaint.

4. As to issues resolved at the conference, the parties agreed that the key issue in this case initially is whether Capri owed Plaintiffs a duty to protect against the criminal acts alleged. The parties further agreed that they cannot come to a resolution on the issue of whether the First Amended Complaint has succeeded in showing that such a duty existed.

5. As to issues that were not resolved, and why they could not be, Plaintiffs' counsel disagreed with the merits of Defendant's expected Motion to Dismiss, responding that the allegations are adequate to create a duty, and overcome the motion. In particular, Plaintiffs' counsel asserted that because Capri placed the roommates together, a special relationship arose, and in turn, so did a duty to protect against the acts alleged. Plaintiffs' counsel did not present authority sufficient to convince Defendant's counsel that placing roommates in an apartment would supplant the duty analysis in its cited case law, requiring actual knowledge of facts making the criminal conduct plausible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 8th day of June, 2015 at Los Angeles, California.

      /s/ Eugene J. Egan
      Eugene J. Egan