# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING, and DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No. 2:15-CV-01509- JFW (JEMx)<br>[The Hon. John F. Walter]<br><br>**[PROPOSED]**<br>**ORDER ON MOTION BY DEFENDANT HI DESERT MOBILE HOME PARK L.P. TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FILED MAY 20, 2015**<br><br>Date: July 13, 2015<br>Time: 1:30 p.m.<br>Ctrm: 16<br><br>Trial Date:  April 21, 2016 |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

The motion of defendant HI DESERT MOBILE HOME PARK LP (erroneously sued as "CAPRI APARTMENTS AT ISLA VISTA") ("defendant") to dismiss the first amended complaint of Plaintiffs JUNAN CHEN, KELLY YAO WANG, HANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG ("plaintiffs"), came on for hearing before this Court as noticed.

The Court has read and considered all of the papers filed in support of, and in opposition to, this motion.  The Court has heard and considered the arguments of

counsel at the time of the hearing.  Good cause appearing, this Court makes the following findings:

     1.     The Court finds that the allegations of plaintiffs' first amended complaint are insufficient to impose a duty upon this defendant to protect plaintiffs' decedents from Rodger's criminal acts.  The measures which plaintiffs assert should have been undertaken by defendant —investigate Rodger to ensure that he was a "safe" and "appropriate" roommate, warn prospective roommates of Rodger's mental illness and dangerous propensities, and either house Rodger separately from other roommates or evict him—would have imposed undue burdens upon defendant.  Plaintiffs would require defendant to identify and clinically diagnose every tenant for mental illness and dangerous propensities.  But defendant has no duty to investigate tenants in order to assess them for mental illness or their potential for dangerous behavior.  A landlord has no duty to check the references or background of a tenant for reasons other than to protect the landlord's own interest.  Davis v. Gomez, 207 Cal.App.3d 1401, 1406 (1989); Gill v. New York City Housing Authority, 130 A.D. 2d 256, 261, 519 N.Y.S.2d 364 (1987).

     As a landlord, defendant was not qualified to make a determination as to Rodger's mental illness and dangerous propensities.  Gill, supra, 130 A.D. 2d at 263; Davis, supra, 207 Cal.App.3d at 1406.  Defendant would be forced incur a substantial financial burden in hiring mental health professionals for this purpose.

     Further requiring defendant to disclose these findings to other tenants, or to use these findings to evict other tenants, would substantially risk violating those tenant's right to privacy under Article I, Section 1 of the California Constitution [Pettus v. Cole, 49 Cal. App. 4th 402, 440 (1996)], and would constitute unlawful discrimination against those tenants on the basis of their disability under California Fair Employment and Housing Act [Johnson v. City & County of San Francisco, 137 Cal.App.4th 7, 17 (2006); California Government Code §12955 (a), (b) and (k)).  Defendants would then face another substantial financial burden of having to defend

litigation brought by those tenants for violation of their right of privacy, and for unlawful discrimination in housing accommodations.

The homicidal rampage of Rodger could not have been prevented even if defendant had performed all of the specific measures identified by plaintiffs. The likelihood of Rodger's murderous assault was so remote and unexpected that, as a matter of law, the general character of defendant's nonfeasance did not facilitate its occurrence. Lopez v. McDonald's Corp., 193 Cal.App.3d 495, 509-510 (1987).

2.  The Court further finds that plaintiffs' first amended complaint does not allege a plausible claim for relief against defendant. Ashcroft v. Iqbal, 556 U.S. 662, 677-678,129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Plaintiffs' allegations concerning defendant's actual knowledge of Rodger's propensity for violence are based upon six incidents that occurred over a period of two years and eight months. The nature of these six incidents did not give defendant actual knowledge of Rodger's criminal propensities, and are insufficient to support the imposition of a duty upon defendant to protect plaintiffs' decedents from Rodgers' homicidal rampage. Barber v. Chang, 151 Cal. App. 4th 1456, 1464 (2007). Further, plaintiffs' allegations concerning defendant's actual knowledge of Rodger's propensity for violence based upon these six incidents are conclusory and not supported by sufficient factual allegations. Margaret W. v. Kelley R., 139 Cal. App. 4th 141, 156 (2006); Andrews v, Mobile Aire Estates, 125 Cal.App.4th 578, 596 (2005). Accordingly, this Court makes the following orders:

1.  IT IS ORDERED THAT the cause of action for negligence in the first amended complaint of plaintiffs shall be dismissed as to defendant, as it fails to state a claim upon which relief can be granted. (Fed.R.Civ.P. 12(b)(6)).

DATED: _____

By: _____
Honorable John F. Walter
U.S. District Court Judge

///

1 <u>Submitted By:</u>

2 Eugene J. Egan (State Bar No. 130108)
  *eje@manningllp.com*
3 Christopher A. Kanjo (State Bar No. 128015)
  *cak@manningllp.com*
4 **MANNING & KASS**
  **ELLROD, RAMIREZ, TRESTER LLP**
5 801 S. Figueroa St, 15th Floor
  Los Angeles, California 90017-3012
6 Telephone: (213) 624-6900
  Facsimile: (213) 624-6999
7
  Attorneys for Defendant HI DESERT MOBILE HOME PARK LP (erroneously
8 sued as "CAPRI APARTMENTS AT ISLA VISTA")

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4