1   Eugene J. Egan (State Bar No. 130108)
     *eje@manningllp.com*
2   Christopher A. Kanjo (State Bar No. 128015)
     *cak@manningllp.com*
3   **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4   801 S. Figueroa St, 15ᵗʰ Floor
   Los Angeles, California 90017-3012
5   Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7   Attorneys for Defendant HI DESERT
   MOBILE HOME PARK LP (erroneously
   sued as "CAPRI APARTMENTS AT
8   ISLA VISTA")

9            **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| | |
|---|---|
| 12 JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, 13 JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG, 14 <br><br>15        Plaintiffs, <br><br>16     v. <br><br>17 COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI 18 APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING, and 19 DOES 1 through 200, Inclusive, <br><br>20      Defendants. | Case No. 2:15-CV-01509- JFW (JEMx) [The Hon. John F. Walter] <br><br>**ANSWER OF DEFENDANT HI DESERT MOBILE HOME PARK LP TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES** |

21                         Trial Date:        April 26, 2016
22

23      COMES NOW DEFENDANT HI DESERT MOBILE HOME PARK LP

24 (erroneously sued as "CAPRI APARTMENTS AT ISLA VISTA") ("Capri") and in

25 answering the First Amended Complaint for Damages of Plaintiffs, admits, denies,

26 and alleges as follows:

27 ///

28 ///

*(left margin, vertical text)* MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

**JURISDICTION AND VENUE**

1. Answering Paragraph 1, Defendant admits all allegations.

2. Answering Paragraph 2, Defendant admits that venue is proper but lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

3. Answering Paragraph 3, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

4. Answering Paragraph 4, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

5. Answering Paragraph 5, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

6. Answering Paragraph 6, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

7. Answering Paragraph 7, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

8. Answering Paragraph 8, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

9. Answering Paragraph 9, Defendant admits sentences 1, 2, 3, and 5, but lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

10. Answering Paragraph 10, Defendant admits all allegations.

11. Answering Paragraph 11, Defendant lacks information sufficient to

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

1  form a belief about the truth of the allegations and on that ground, deny each and
2  every allegation therein.

3        12.    Answering Paragraph 12, Defendant admits that it is a limited
4  partnership, existing under the laws of the state of California and providing services
5  and conducting business in the State of California with a principal place of business
6  location at 1640 5th Street, Santa Monica CA, 90401.

7        13.    Answering Paragraph 13, Defendant lacks information sufficient to
8  form a belief about the truth of the allegations and on that ground, deny each and
9  every allegation therein.

10        14.    Answering Paragraph 14, Defendant lacks information sufficient to
11  form a belief about the truth of the allegations and on that ground, deny each and
12  every allegation therein.

13        15.    Answering Paragraph 15, Defendant lacks information sufficient to
14  form a belief about the truth of the allegations and on that ground, deny each and
15  every allegation therein.

16        16.    Answering Paragraph 16, Defendant denies all allegations therein.

17        17.    Answering Paragraph 17, this paragraph contains no factual allegations
18  to which a response is required.

19        18.    Answering Paragraph 18, Defendant admits all allegations.

20        19.    Answering Paragraph 19, Defendant lacks information sufficient to
21  form a belief about the truth of the allegations and on that ground, deny each and
22  every allegation therein.

23        20.    Answering Paragraph 20, Defendant admits that it operates an
24  apartment house in Isla Vista where students are tenants, but denies the remainder of
25  the allegations therein.

26      ALLEGATIONS COMMON TO ALL CAUSES OF ACTION HEREIN

27        21.    Answering Paragraph 21, Defendant admits all allegations therein with
28  the exception of denying that CAPRI assigned Rodger to live in Apt. #7 and paired

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

3

1  Rodger with two roommates to live with in Apt. #7.

2      22.    Answering Paragraph 22, Defendant admits sentence 5. Defendant

3  admits sentence 1 with the exception of denying that Rodger was assigned by

4  CAPRI two new roommates. Defendant lacks information sufficient to form a belief

5  about the truth of the remaining allegations and on that ground, deny each and every

6  allegation therein.

7      23.    Answering Paragraph 23, Defendant admits sentence 1 with the

8  exception of denying that CAPRI assigned Rodger a new roommate. Defendant

9  lacks information sufficient to form a belief about the truth of the remaining

10 allegations and on that ground, deny each and every allegation therein.

11     24.    Answering Paragraph 24, Defendant lacks information sufficient to

12 form a belief about the truth of the allegations and on that ground, deny each and

13 every allegation therein.

14     25.    Answering Paragraph 25, Defendant admits sentence 5. Defendant

15 denies that Horowitz and his father communicated to Capri.  Defendant  lacks

16 information sufficient to form a belief about the truth of the remaining allegations

17 and on that ground, deny each and every allegation therein.

18     26.    Answering Paragraph 26, Defendant lacks information sufficient to

19 form a belief about the truth of the allegations and on that ground, deny each and

20 every allegation therein.

21     27.    Answering Paragraph 27, Defendant lacks information sufficient to

22 form a belief about the truth of the allegations and on that ground, deny each and

23 every allegation therein.

24     28.    Answering Paragraph 28, Defendant admits sentence 1 that Rodger was

25 transferred to Apt. #7 at the main Capri complex on Seville Road, the same

26 apartment he had occupied in June of 2011, with the exception of denying that

27 Rodger was transferred by CAPRI. Defendant admits sentence 3 that after a month

28 Rodger was assigned two new roommates, but denies that CAPRI assigned Rodger

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

the new roommates. Defendant lacks information sufficient to form a belief about the truth of the remaining allegations and on that ground, deny each and every allegation therein.

29.    Answering Paragraph 29, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

30.    Answering Paragraph 30, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

31.    Answering Paragraph 31, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

32.    Answering Paragraph 32, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

33.    Answering Paragraph 33, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

34.    Answering Paragraph 34, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

35.    Answering Paragraph 35, Defendant lacks information sufficient to form a belief about the truth of the allegations and on that ground, deny each and every allegation therein.

36.    Answering Paragraph 36, Defendant denies sentence 2 to the extent it alleges that Capri assigned Hong and Wang as Rodger's new roommates. Defendant denies sentence 3 to the extent that it alleges that Capri had been warned that Rodger was a violent and dangerous threat to his roommates, and that Capri had

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

1  actual and constructive knowledge of his bizarre behavior and his history of having
2  conflicts with his roommates.  Defendant denies sentence 4 to the extent that it
3  alleges that Capri assigned Rodger to Hong and Wang. Defendant denies sentence 5
4  to the extent that it had knowledge of any  threat posed by Rodger, which is
5  foundational to the remaining allegations of that sentence.  Defendant denies
6  sentence 6 to the extent that it presumes that Capri had knowledge that Rodger had
7  had serious conflicts with his previous roommates and had been warned that he was
8  not only racist but also potentially violent.  Defendant denies sentence 7 to the
9  extent that it alleges that Capri assigned Rodger as Hong and Wang's roommate.
10  Defendant lacks information sufficient to form a belief about the truth of the
11  remaining allegations and on that ground, deny each and every allegation therein.
12  Defendant denies sentence 8 to the extent that it alleges that CAPRI affirmatively
13  undertook to pair Hong, Wang, and Rodger as roommates. Defendant lacks
14  information sufficient to form a belief about the truth of the remaining allegations
15  and on that ground, deny each and every allegation therein.

16      37.    Answering Paragraph 37, Defendant denies sentence 10 that it was
17  aware that law enforcement officers had come to Apr. #7 due to a dispute between
18  Rodger and his roommates. Defendant lacks information sufficient to form a belief
19  about the truth of the remaining allegations and on that ground, deny each and every
20  allegation therein.

21      38.    Answering Paragraph 38, Defendant lacks information sufficient to
22  form a belief about the truth of the allegations and on that ground, deny each and
23  every allegation therein.

24      39.    Answering Paragraph 39, Defendant lacks information sufficient to
25  form a belief about the truth of the allegations and on that ground, deny each and
26  every allegation therein.

27      40.    Answering Paragraph 40, Defendant denies sentence 10 that Capri was
28  aware that law enforcement officers had come to Apt. #7 to conduct a welfare check

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1  on Rodger.  Defendant lacks information sufficient to form a belief about the truth

2  of the allegations and on that ground, deny each and every allegation therein.

3      41.    Answering Paragraph 41, Defendant admits Rodger killed his two

4  roommates and a visiting friend of theirs. Defendant admits that Rodger then went

5  into Isla Vista and carried out a shooting rampage that killed another three people

6  and wounded fourteen. Defendant lacks information sufficient to form a belief about

7  the truth of the remaining allegations and on that ground, deny each and every

8  allegation therein.

9

10                    FIRST CAUSE OF ACTION

11  VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

12  AGAINST DEFENDANTS COUNTY; SBCSD; AND DOES 1-50, INCLUSIVE

13      42.    Insofar as a response is required to Paragraph 42, Defendant

14  incorporates its responses to Paragraphs 1-41 as set forth in this Answer.

15      43.    Answering Paragraph 43, Defendant lacks information sufficient to

16  form a belief about the truth of the allegations and on that ground, deny each and

17  every allegation therein.

18      44.    Answering Paragraph 44, Defendant lacks information sufficient to

19  form a belief about the truth of the allegations and on that ground, deny each and

20  every allegation therein.

21      45.    Answering Paragraph 45, Defendant lacks information sufficient to

22  form a belief about the truth of the allegations and on that ground, deny each and

23  every allegation therein.

24      46.    Answering Paragraph 46, Defendant lacks information sufficient to

25  form a belief about the truth of the allegations and on that ground, deny each and

26  every allegation therein.

27      47.    Answering Paragraph 47, Defendant lacks information sufficient to

28  form a belief about the truth of the allegations and on that ground, deny each and

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1  | every allegation therein.

2  |     48.    Answering Paragraph 48, Defendant lacks information sufficient to

3  | form a belief about the truth of the allegations and on that ground, deny each and

4  | every allegation therein.

5  |     49.    Answering Paragraph 49, Defendant lacks information sufficient to

6  | form a belief about the truth of the allegations and on that ground, deny each and

7  | every allegation therein.

8  |

9  | SECOND CAUSE OF ACTION

10 | NEGLIGENCE AGAINST DEFENDANTS CAPRI, ASSET, AND DOES 51-100,

11 | INCLUSIVE

12 |     50.    Insofar as a response is required to Paragraph 50, Defendant

13 | incorporates its responses to Paragraphs 1-49 as set forth in this Answer.

14 |     51.    Answering Paragraph 51, Defendant denies all allegations.

15 |     52.    Answering Paragraph 52, Defendant denies all allegations.

16 |     53.    Answering Paragraph 53, Defendant denies all allegations.

17 |     54.    Answering Paragraph 54, Defendant denies all allegations.

18 |     55.    Answering Paragraph 55, Defendant denies all allegations.

19 |     56.    Answering Paragraph 56, Defendant denies all allegations.

20 |     57.    Answering Paragraph 57, Defendant denies all allegations.

21 |

22 | PRAYER FOR RELIEF

23 |     On page 15 of the First Amended Complaint, Plaintiffs make a Prayer for

24 | Relief which sets forth their alleged damages and does not assert material

25 | allegations requiring an Answer. To the extent Plaintiffs' Prayer for Relief requires

26 | a response, Defendant denies all allegations.

27 | ///

28 | ///

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

## AFFIRMATIVE DEFENSES

58.     As separate and distinct affirmative defenses, Defendant alleges as follows. By alleging the matters set forth below as "Affirmative Defenses," Defendant does not thereby allege or admit that it has the burden of proof of the burden of persuasion with respect to any of these matters. Furthermore, Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this answer and assert all such defenses.

59.     As a Second Affirmative Defense, the First Amended Complaint for Damages fails to state facts sufficient to constitute a cause of action against Defendant.

60.     As a Third Affirmative Defense, Defendant is informed and believes and thereon alleges that other persons were careless and/or negligent, and/or committed intentional acts, and that this carelessness and negligence or these intentional acts proximately contributed to the happening of the incidents referred to in the complaint. Defendant therefore requests that in the event of a finding of any liability in favor of Plaintiffs, or settlement or judgment against Defendant, an apportionment of fault be made among all parties, by the Court or jury. Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

61.     As a Fourth Affirmative Defense, Defendant is informed and believes and thereon alleges that Plaintiffs themselves were negligent and/or careless in and about the matters referred to in the First Amended Complaint and to the extent that such negligence and/or carelessness on the part of Plaintiffs caused and/or contributed to the alleged damages, if any there were, Plaintiffs' recovery should be barred or proportionately reduced.

62.     As a Fifth Affirmative Defense, Defendant is informed and believes

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1  and thereon alleges that Plaintiffs lack standing to sue.

2      63.    As a Sixth Affirmative Defense, Defendant is informed and believes
3  and thereon alleges that Plaintiffs are not owed the duties by Defendant as alleged in
4  the First Amended Complaint.

5      64.    As a Seventh Affirmative Defense, Defendant is informed and believes
6  and thereon alleges that Defendant did not breach any duties, if any existed, to
7  Plaintiffs as alleged in the First Amended Complaint.

8      65.    As an Eighth Affirmative Defense, Defendant is informed and believes
9  and thereon alleges that no causal relationship exists between the behavior as
10 alleged against Defendant in the First Amended Complaint and Plaintiffs' alleged
11 damages

12     66.    As a Ninth Affirmative Defense, Defendant is informed and believes
13 and thereon alleges that Plaintiffs failed to mitigate their damages.

14     67.  As a Tenth Affirmative Defense, Defendant is informed and believes and
15 thereon alleges that Plaintiffs  waived and released any rights to damages arising out
16 of the conduct alleged in the complaint.

17     68.  As an Eleventh Affirmative Defense, Defendant is informed and believes
18 and thereon alleges that Plaintiffs assumed the risk of all damages arising out of the
19 conduct alleged in the complaint.

20     69. As a Twelfth Affirmative Defense, Defendant is informed and believes
21 and thereon alleges that Plaintiffs are estopped from alleging damages arising out of
22 the conduct alleged in the First Amended Complaint.

23     70.  As a Thirteenth Affirmative Defense, Defendant is informed and believes
24 and thereon alleges that Defendant had no knowledge of facts which would give rise
25 to Plaintiffs' claims for relief.

26     71.    Defendant presently has insufficient knowledge or information on
27 which to form a belief as to whether Defendant may have additional, as yet unstated,
28 defenses available. Defendant reserves herein the right to assert additional defenses

1 | in the event discovery indicates that they would be appropriate.

2 |      WHEREFORE, Defendant HI DESERT MOBILE HOME PARK LP prays

3 | that Plaintiffs take nothing by way of their First Amended Complaint, and that the

4 | First Amended Complaint be dismissed and Defendant awarded its costs, including

5 | reasonable attorneys' fees and such other relief as the Court may deem just and

6 | proper.

7 |

8 | DATED:  July 23, 2015         **MANNING & KASS**

9 |           **ELLROD, RAMIREZ, TRESTER LLP**

10 |

11 | By:     /s/ Eugene J. Egan

12 |      Eugene J. Egan

13 |      Christopher A. Kanjo

14 |      Attorneys for Defendant HI DESERT MOBILE HOME PARK LP (erroneously

15 |      sued as "CAPRI APARTMENTS AT ISLA VISTA")

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*MANNING & KASS*
*ELLROD, RAMIREZ, TRESTER LLP*

11

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT