MICHAEL C. GHIZZONI, COUNTY COUNSEL
MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA  93101
(805) 568-2950 / FAX: (805) 568-2983
E-mail: mpbarry@co.santa-barbara.ca.us

Attorneys for Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY SHERIFF'S DEPT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING, and DOES 1 through 200, inclusive<br><br>Defendants. | Case No: 2:15-cv-01509-JFW (JEMx)<br><br>**JOINT STATEMENT OF COUNSEL RE: LOCAL RULE 7-3 CONFERENCE CONCERNING SANTA BARBARA COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Fed. R. Civ. P. 12(c))**<br><br>Judge:  Hon. John F. Walter<br>Courtroom:   16 – Spring Street Fl.<br><br>Trial Date: 04/26/16<br>FPTC Date: 04/08/16<br>Discovery Cut-off:  02/16/16 |

TO THE HONORABLE COURT:

Defendants COUNTY OF SANTA BARBARA and SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT (collectively "County Defendants"), and Plaintiffs JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE
1.

(collectively "Plaintiffs"), through their respective counsel, hereby submit this joint statement as required by Section 5(b) of the Court's Standing Order, filed March 5, 2015.

1. Counsel for Plaintiffs and County Defendants conducted a Local Rule 7-3 conference on September 11, 2015.

2. Participants at the conference were Plaintiffs' lead counsel Patrick McNicholas and County Defendants' lead counsel Mary Pat Barry.

3. The parties conducted the conference by telephone because their offices are approximately 90 miles apart.

4. The duration of the telephone conference was approximately 30 minutes.

5. The conference was held to discuss thoroughly the substance of two motions contemplated by County Defendants. The subject motions are as follows: (1) a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c); and (2) a motion for a protective order staying discovery pending resolution of the County Defendants' potentially dispositive Rule 12(c) motion.

6. The issues discussed by the parties during the conference are detailed as follows:

   A. County Defendants assert that Plaintiffs' first cause of action for violation of substantive due process against County Defendants is subject to judgment on the pleadings. Because the pleadings in this matter are now closed, a Rule 12(c) motion may be brought. The basis for County Defendants' position is that the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution does not protect citizens against violence committed by private persons, such as the violence committed by Elliot Rodger against Plaintiffs' sons in this case. Furthermore, the "state-created danger" exception to this general rule does not apply here. This is because Plaintiffs' allegations do not support a

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE
2.

claim that the deputies who responded to Elliot Rodger's apartment on April 30, 2014 to check his welfare took action that affirmatively placed Plaintiffs' sons in a position of danger that they otherwise would not have faced, or that County Defendants acted with deliberate indifference to a known or obvious danger.

Plaintiffs disagree with the County Defendants' position but acknowledge that the issue raised by County Defendants is a key issue in this case and should be presented to the Court at an early stage in this action.

B.   As a second issue, County Defendants assert that Plaintiffs' allegations of a Fifth Amendment due process violation, set forth in the First Amended Complaint at page 12, lines 17-18, are subject to dismissal because the Fifth Amendment applies only to federal government action and County Defendants are not federal government actors.

Plaintiffs confirmed that they are not making a claim against County Defendants under the Fifth Amendment and that language in the First Amended Complaint asserting violation of the Fifth Amendment should be stricken.

C.   As a third issue, County Defendants assert that Plaintiffs' allegations of an equal protection violation, set forth in the First Amended Complaint at page 12, lines 19-20, are subject to dismissal for failure to state a claim. To prove an equal protection violation, Plaintiffs must establish proof of discriminatory intent or motive and must allege that the County Defendants treated Plaintiffs differently from another who was similarly situated.

Plaintiffs confirmed that they are not making an Equal Protection claim against County Defendants and that language in the First Amended Complaint asserting a violation of equal protection rights should be stricken.

D.   As a fourth issue, County Defendants assert that grounds exist supporting a motion for a protective order staying discovery pending resolution of the County Defendants Rule 12(c) motion, which is a potentially dispositive motion.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

Plaintiffs stated their willingness to stipulate to extend the County Defendants' time to serve responses to special interrogatories and requests for production of documents propounded by Plaintiffs until 30 days after entry of the Court's decision on County Defendants' Rule 12(c) motion.

7. The Plaintiffs and County Defendants <u>resolved</u> the following issues during the conference:

    A. Plaintiffs agreed to strike the above-noted language in their First Amended Complaint alleging a deprivation of Plaintiffs' rights under the Fifth Amendment of the U.S. Constitution and Plaintiffs stipulate that they will not pursue such an allegation in this action;

    B. Plaintiffs agreed to strike the above-noted language in their First Amended Complaint alleging a violation of Plaintiffs' Equal Protection rights under the Fourteenth Amendment of the U.S. Constitution and Plaintiffs stipulate that they will not pursue such an allegation in this action;

    C. Plaintiffs and County Defendants stipulated that the County Defendants need not bring a motion for a protective order staying discovery because Plaintiffs agreed to extend County Defendants' time to respond to Plaintiffs' discovery requests until after the Court decides the County Defendants' motion for judgment on the pleadings. Plaintiffs and County Defendants further stipulated that, in the event the County Defendants' motion is denied, the County will serve discovery responses upon Plaintiffs within 30 days of entry of the Court's decision on the County Defendants' Rule 12(c) motion.

The parties' agree that their stipulation extending time for the County Defendants' service of discovery responses will not interfere with the progress of the case and will not interfere with the time set for completing discovery, for hearing a motion, or for trial.

8. <u>The only issue remaining</u>, which the County Defendants will present in their motion, is the issue of whether Plaintiffs have stated a claim for violation of

their substantive due process rights under the Fourteenth Amendment of the U.S. Constitution under the state-created danger exception to the general rule prohibiting liability against County Defendants for the acts of Elliot Rodger.

9. The undersigned declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 18, 2015    MICHAEL C. GHIZZONI
COUNTY COUNSEL

Pursuant to Local Rule 5-4.3.4, as the filer of this statement, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /S/ - Mary Pat Barry
Mary Pat Barry
Sr. Deputy County Counsel
Attorneys for Defendants COUNTY OF SANTA BARBARA and SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT

Dated: September 18, 2015    MCNICHOLAS & MCNICHOLAS, LLP

By: /S/ - Patrick McNicholas
Patrick McNicholas
Attorneys for Plaintiffs
JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE
5.

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Santa Barbara County. I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Suite 201, Santa Barbara, CA.

On September 18, 2015, I served a true copy of the within **JOINT STATEMENT OF COUNSEL RE: LOCAL RULE 7-3 CONFERENCE CONCERNING SANTA BARBARA COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** on the interested parties in this action by:

☐   by mail. I am familiar with the practice of the Office of Santa Barbara County Counsel for and processing of correspondence for mailing with the United States Postal Service. In accordance with the ordinary course of business, the above mentioned documents would have been deposited with the United States Postal Service, after having been deposited and processed for postage with the County of Santa Barbara Central Mail Room.

☒   electronic transmission via CM/ECF to the persons indicated below:

**SEE ATTACHED SERVICE LIST**

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 18, 2015, at Santa Barbara, California.

/s/ - D'Ann Marvin
     D'Ann Marvin

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE
6.

# SERVICE LIST

*Chen, et al. v. County of Santa Barbara, et al.*

United States District Court Central District of California

Case No: 2:15-cv-01509-JFW(JEMx)

| Todd Becker<br>Inna S. Demin<br>BECKER LAW GROUP<br>3750 E. Anaheim St., Suite 100<br>Long Beach, CA 90804<br><br>demin@toddbeckerlaw.com<br>becker@toddbeckerlaw.com | Patrick McNicholas<br>David Angeloff<br>MCNICHOLAS & MCNICHOLAS, LLP<br>10866 Wilshire Blvd., Suite 1400<br>Los Angeles, CA 90024<br><br>pmc@mcnicholaslaw.com<br>da@mcnicholaslaw.com |
|---|---|
| Eugene J. Egan<br>Christopher A. Kanjo<br>MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP<br>801 S. Figueroa St., 15th Floor<br>Los Angeles, CA 90017<br><br>eje@manningllp.com<br>cak@manningllp.com | William S. Kronenberg<br>KRONENBERG LAW, PC<br>1999 Harrison St. Suite 1450<br>Oakland, CA 94612<br><br>wkronenberg@krolaw.com |

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

JOINT STATEMENT RE: LOCAL RULE 7-3 CONFERENCE
7.