UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING; and DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No: 2:15-cv-01509-JFW (JEMx)<br><br>**[PROPOSED] ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANTS COUNTY OF SANTA BARBARA AND SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT**<br><br>Judge:  Hon. John F. Walter<br>Courtroom: 16 – Spring St. Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Having considered Defendants COUNTY OF SANTA BARBARA's and SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT's motion for judgment on the pleadings, said pleadings consisting of Plaintiffs' First

//

Amended Complaint and particularly the first cause of action as against the moving defendants,

**IT IS HEREBY ORDERED** that:

Plaintiffs' First Amended Complaint as against Defendants COUNTY OF SANTA BARBARA and COUNTY OF SANTA BARBARA SHERIFF'S DEPARTMENT ("the County") is dismissed for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(c).

In their First Amended Complaint, Plaintiffs attempt to state claims against the County for violation of the Fourteenth Amendment to the U.S. Constitution. Plaintiffs substantive due process claims are brought under 42 U.S.C. § 1983. Plaintiffs' claims arise from the deaths of their sons, Cheng-Yuan "James" Hong ("Hong"), Weihan "David" Wang ("Wang"), and George Chen ("Chen"), at the hands of Elliot Rodger ("Rodger") on May 23, 2014 in Isla Vista, California. Plaintiffs' claims are based on the theory that when the County conducted a wellness check of Rodger just over three weeks prior to the killings, the County failed to perform a background check, failed to perform a gun check, failed to view Rodger's YouTube videos, and failed to request entry into Rodger's apartment. Plaintiffs allege that the County's failures exposed Hong and Wang, who were Rodger's housemates, and Chen, a guest in the apartment, to a danger they would not otherwise have faced.

The Fourteenth Amendment's Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty or property, without due process of law." *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 194,109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The Supreme Court has interpreted the language of the Due Process Clause as a limitation on the State's power to act, and not as a guarantee of certain minimal levels of safety and security. *Id.* at 195; *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 768-69, 125 S.Ct. 2796, 162 L.Ed. 2d 658 (2005).

The Court finds that Plaintiffs' First Amended Complaint fails to allege facts stating a claim for violation of the Due Process Clause of the Fourteenth Amendment against the County because, as a general rule, the County has no constitutional duty to protect individuals from private violence. *DeShaney,* 489 U.S. at 197; *Town of Castle Rock, v. Gonzales,* 545 U.S. 748, 768, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005).

Furthermore, Plaintiffs fail to allege facts stating a claim for violation of the Fourteenth Amendment under any exception to this general rule because Plaintiffs have not stated a claim under the special-relationship exception to the general rule or the state-created danger exception. *DeShaney,* 489 U.S. at 200; *Patel v. Kent School District,* 648 F.3d 965, 971-72 (9th Cir. 2011); *Johnson v. City of Seattle,* 474 F.3d 634, 639 (9th Cir. 2007).

Plaintiffs allege no facts suggesting that Hong, Wang, or Chen were in the County's custody. Therefore Plaintiffs fail to state a claim under the special relationship exception. *Patel,* 648 F.3d at 972.

Plaintiffs' allegations establish that Rodger had been seriously planning his murderous rampage long before Hong and Wang became his housemates. Thus, Hong and Wang and their friends who visited at their apartment were in danger every day they were present in Rodger's apartment. Plaintiffs do not allege any direct contact between the County and Hong, Wang, and Chen on or after April 30, 2014. Nor do Plaintiffs allege that the County made any assurances or promises to Hong, Wang or Chen that made them more vulnerable to Rodger's acts on May 23, 2014. This case is thus distinctly different from cases where the Ninth Circuit found allegations sufficient to proceed to trial under the state-created danger theory. *See Wood v. Ostrander,* 879 F.2d 583 (9th Cir. 1989), *cert. denied*, 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d 305 (1990); *L.W. v. Grubbs,* 974 F.2d 119 (9th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2442, 124 L.Ed.2d 660 (1993); *Penilla v. City of Huntington Park,* 115

F.3d 707 (9th Cir. 1997); *Munger v. City of Glasgow Police Dep't,* 227 F.3d 1082 (9th Cir. 2000); *Kennedy v. City of Ridgefield,* 439 F.3d 1055 (9th Cir. 2006).

Rather, this case, like *Johnson v. City of Seattle,* 474 F.3d 634 (9th Cir. 2007), is easily contrasted from cases fitting within the state-created danger exception. As in *Johnson,* no County conduct on April 30, 2014 created or exposed Hong, Wang or Chen to a danger which he would not otherwise have faced. *See Johnson,* 474 F.3d at 641.

Furthermore, absent any affirmative action by the County, Plaintiffs' allegations fail to establish that the County acted with deliberate indifference to a known or obvious danger to Hong, Wang and Chen. Where the County engaged in no action creating a danger, the County could not have known that Rodger was going to murder his housemates and their guests and could not have deliberately ignored the danger presented by Rodger. *Patel,* 648 F.3d at 974; *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1059 (9th Cir. 1998).

Because Plaintiffs have not alleged a Fourteenth Amendment substantive due process violation, they have not alleged a § 1983 claim against the County under *Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978). *Munger,* 227 F.3d at 1087; *Johnson,* 474 F.3d at 638-40.

As Plaintiffs have already amended their complaint once, and have not set forth what additional facts could be alleged to state a claim against the County for violation of the Fourteenth Amendment's Due Process Clause, the Court concludes that denial of leave to amend is appropriate. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038-39 (9th Cir. 2002).

//

//

//

Accordingly, the County's motion for judgment on the pleadings is hereby GRANTED, and Plaintiffs' first cause of action, for violation of 42 U.S.C. § 1983, as asserted against the County, is DISMISSED with prejudice.

Dated: _____

HON. JOHN F. WALTER
United States District Judge