MICHAEL C. GHIZZONI, COUNTY COUNSEL
MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA  93101
(805) 568-2950 / FAX: (805) 568-2983
E-mail: mpbarry@co.santa-barbara.ca.us

Attorneys for Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY SHERIFF'S DEPT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNAN CHEN, KELLY YAO WANG, CHANGSHUANG WANG, JINSHUANG LIU, LICHU CHEN, and WENQUEI HONG,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA BARBARA; SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT; CAPRI APARTMENTS AT ISLA VISTA; ASSET CAMPUS HOUSING; and DOES 1 through 200, Inclusive<br><br>Defendants. | Case No: 2:15-cv-01509-JFW (JEMx)<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: October 26, 2015<br>Hearing Time: 1:30 p.m.<br><br>Judge:  Hon. John F. Walter<br>Courtroom:   16 – Spring Street Fl.<br><br>Trial Date: 04/26/16<br>FPTC Date: 04/08/16<br>Discovery Cut-off Date: 02/16/16 |

      Defendants County of Santa Barbara and Santa Barbara County Sheriff's Department (collectively "the County"), submit the following arguments in reply to Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings ("Opposition" or "Opp'n") filed October 5, 2015.

//

//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
i.

## TABLE OF CONTENTS

I.  PLAINTIFFS' OPPOSITION CONFIRMS THEIR INABILITY TO ALLEGE AFFIRMATIVE CONDUCT BY THE COUNTY CREATING OR EXPOSING THEIR SONS TO A DANGER THAT THEY WOULD NOT HAVE OTHERWISE FACED. THIS INABILITY REQUIRES DISMISSAL FOR FAILURE TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS. ........................................................................ 1

    A.  Plaintiffs' Sons Were In Danger Of Being Harmed By Elliot Rodger Long Before The County's Deputies' Contact With Rodger On April 30, 2014. ........................................... 1

    B.  Plaintiffs Cannot State A Claim Under A State-Augmented, State-Enhanced, Or State-Exacerbated Danger Exception To The DeShaney Rule. The Ninth Circuit Has Explicitly Rejected Such An Approach. ..................................... 2

II. PLAINTIFFS CANNOT MEET THE LEVEL OF CULPABILITY NECESSARY TO STATE A CLAIM UNDER THE DANGER-CREATION THEORY. .................................... 8

III. NINTH CIRCUIT AUTHORITY INDICATES THAT APPLICATION OF THE STATE-CREATED DANGER EXCEPTION IS INAPPROPRIATE WHERE RISK OF HARM IS NOT PARTICULARIZED TO SPECIFIC INDIVIDUALS……….................................................................... 10

IV. PLAINTIFFS' DUE PROCESS CLAIM AGAINST THE COUNTY SHOULD BE DISMISSED WITH PREJUDICE. .................. 11

V.  CONCLUSION……….................................................................... 12

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
ii.

# TABLE OF AUTHORITIES

## FEDERAL CASES

*DeShaney v. Winnebago County Dep't of Social Services*,
    489 U.S. 189 (1989) ............................................................................. 1, 5

*Estate of Amos v. City of Page*,
    257 F.3d 1086 (9th Cir. 2001) ..................................................................... 5

*Huffman v. County of Los Angeles*,
    147 F.3d 1054 (9th Cir. 1998) ................................................................. 8, 10

*Johnson v. City of Seattle*,
    474 F.3d 634 (9th Cir. 2007) ..................................................................... 1, 5

*Kennedy v. City of Ridgefield*,
    439 F.3d 1055 (9th Cir. 2006) ........................................................... 1, 3, 5, 6

*L.W. v. Grubbs*,
    92 F.3d 894 (9th Cir. 1996) ............................................................ 8, 9, 10, 11

*L.W. v. Grubbs*,
    974 F.2d 119 (9th Cir. 1992) ....................................................................... 3

*Lira v. Herrera*,
    427 F.3d 1164 (9th Cir. 2005) ..................................................................... 12

*Munger v. City of Glasgow Police Dep't*,
    227 F.3d 1082 (9th Cir. 2000) ..................................................................... 4

*McKissen v. Leyendecker,*
    No. CV-07-5033-EFS,
    2007 WL 2900425 (E.D. Wash., Oct. 2, 2007) ........................................ 6, 7, 10

*Patel v. Kent School District*,
    648 F.3d 965 (9th Cir. 2011) ................................................................ 9, 10, 11

*Penilla v. City of Huntington Park*,
    115 F.3d 707 (9th Cir. 1997) ....................................................................... 3, 4

*Wood v. Ostrander*,
    879 F.2d 583 (9th Cir. 1989) ....................................................................... 10

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
iii.

# I. PLAINTIFFS' OPPOSITION CONFIRMS THEIR INABILITY TO ALLEGE AFFIRMATIVE CONDUCT BY THE COUNTY CREATING OR EXPOSING THEIR SONS TO A DANGER THAT THEY WOULD NOT HAVE OTHERWISE FACED. THIS INABILITY REQUIRES DISMISSAL FOR FAILURE TO STATE A CLAIM FOR VIOLATION OF DUE PROCESS.

Plaintiffs' Opposition makes clear that their claims against the County rely on the state-created danger exception to the general rule that "a State's failure to protect an individual against private violence does not constitute a violation of the Due Process Clause. *DeShaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 197 (1989). This exception exists " 'where state action creates or exposes an individual to a danger which he or she would not have otherwise faced.' " *Johnson v. City of Seattle,* 474 F.3d 634, 639 (9th Cir. 2007) (quoting *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1061 (9th Cir. 2006).

### A. Plaintiffs' Sons Were In Danger Of Being Harmed By Elliot Rodger Long Before The County's Deputies' Contact With Rodger On April 30, 2014.

In this case, as admitted by Plaintiffs, the County did not create the danger faced by Plaintiffs' sons. Plaintiffs cannot dispute this. Plaintiffs specifically allege that prior to the April 30, 2014 contact between County of Santa Barbara Sheriff's Office ("SBSO") deputies and Elliot Rodger ("Rodger"), their sons, James Hong ("Hong"), David Wang ("Wang"), and George Chen ("Chen"), faced an existing danger from Rodger. First Amended Complaint ("FAC"), ¶ 40.

This fact is confirmed by Plaintiffs in their Opposition, wherein they concede that "[t]he danger was not 'created' by the deputies . . . ." Opp'n, p. 17, l. 3. Plaintiffs further admit that the existing danger, prior to any SBSO contact with Rodger on April 30, 2014, was that "Rodger posed life threatening danger

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
1.

to himself and others." The existing danger, as described by Plaintiffs, was "that Roger [*sic*] would commit an act of serious violence or life threatening violence." Opp'n, p. 19, ll. 3-5. And Plaintiffs admit that Hong, Wang and Chen, as occupants of Rodger's apartment, naturally faced that existing danger. Opp'n, p. 19, ll. 5-6. Plaintiffs further admit that when Hong and Wang were present in their apartment, they were already vulnerable to Rodger's threat and faced an existing danger. Opp'n, p. 19, ll. 16-18; p. 20, l. 2. In fact, Hong and Wang, Rodger's roommates, "were obviously the most vulnerable to any potential violence [Rodger] could inflict." Opp'n, p. 16, ll. 8-10.

Under the alleged facts, Plaintiffs have no ability to state a claim for violation of due process under the state-created danger exception on grounds that affirmative conduct by SBSO deputies created or exposed Plaintiff's sons to a danger which they would not have otherwise faced. Even so, Plaintiffs attempt to avoid dismissal of their claims against the County by asserting that their claims fit within a state-augmented danger, or state-enhanced danger, or state-exacerbated danger exception to the *DeShaney* rule. No such exception exists.

**B.     Plaintiffs Cannot State A Claim Under A State-Augmented, State-Enhanced, Or State-Exacerbated Danger Exception To The *DeShaney* Rule. The Ninth Circuit Has Explicitly Rejected Such An Approach.**

Confronted by their inability to demonstrate that SBSO deputies created the danger to which Plaintiffs' sons were exposed, Plaintiffs' Opposition rests on an approach unsupported by any Supreme Court authority and explicitly rejected by the Ninth Circuit. Having conceded that Plaintiffs' sons were exposed to the danger of being killed by Rodger before SBSO deputies arrived at Rodger's apartment on April 30, 2014, Plaintiffs assert that "if the officer's actions augmented, enhanced or exacerbated the danger facing the decedents, Plaintiffs may prevail on this issue." Opp'n, p. 11, ll. 10-13.   This is a futile

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
2.

attempt to expand Fourteenth Amendment Due Process Clause protections beyond the boundaries established by the Supreme Court and the Ninth Circuit.

Whether Plaintiffs assert that County deputies "increased," "enhanced," "expanded," "augmented," or "exacerbated," the existing danger to Hong, Wang, and Chen, none of these assertions overcomes the fundamental barrier to Plaintiffs' ability to state a claim. <u>Under the facts pled, the County's deputies did not affirmatively expose Hong, Wang, and Chen to a danger they would not otherwise have faced</u>. This is the crux of the state-created danger exception's first requirement. *L.W. v. Grubbs,* 974 F.2d 119, 121 (9th Cir. 1992) (*Grubbs I*), Inability to meet this requirement defeats Plaintiffs' claims against the County.

Plaintiffs' opposition argument has been tried before and has been "specifically rejected" by the Ninth Circuit. *Kennedy v. City of Ridgefield,* 439 F.3d at 1063 n.4. The Ninth Circuit has stated that "[t]he critical distinction is not . . . an indeterminate line between danger creation and enhancement, but rather the stark one between state action and inaction in placing an individual at risk." *Penilla v. City of Huntington Park,* 115 F.3d 707, 710 (9th Cir. 1997).

Plaintiffs argue that the SBSO deputies' welfare check was an affirmative act. As pled, in conducting the welfare check, SBSO deputies went to Rodger's apartment; spoke to Rodger on his doorstep; listened to Rodger tell them that whatever had prompted the welfare check was a misunderstanding, and departed. FAC, ¶ 40. In no way does this conduct amount to the affirmative conduct necessary to state a claim under the state-created danger exception. A review of Ninth Circuit authority makes this clear.

In *Penilla*, before the officers arrived at Mr. Penilla's home, Mr. Penilla was a very sick man, located outside his home on his porch; he was receiving assistance from neighbors and a passerby, a "911" call had been placed, and paramedics were on the way. *Penilla,* 115 F.3d at 708. After the officers acted, Penilla was a very sick man in grave need of medical care, located inside his

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
3.

home, behind a locked door; he was alone, he was receiving no assistance whatsoever, and the officers had cancelled the "911" call so no paramedics were on the way. *Id.* On these facts, the Ninth Circuit concluded that the officers' actions had <u>significantly increased the risk</u> Penilla faced, thus meeting the requirement that <u>state action had affirmatively placed *Penilla* at risk</u>. *Id.* at 710.

Similarly, in *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082 (9th Cir. 2000), the Ninth Circuit found that when officers ejected an intoxicated bar patron from the inside of the bar, thus exposing him to the bitter cold outside with inadequate clothing, and prohibited him from getting into his truck, they affirmatively placed the bar patron in danger. *Munger,* 227 F.3d at 1089-1090.

In this case, the only conduct Plaintiffs rely on to meet the first requirement of the state-created danger exception is the doorstep communication between SBSO deputies and Rodger. This cannot amount to conduct that <u>significantly increased</u> the risk already faced by Plaintiffs' sons. To demonstrate the specious quality of Plaintiffs' argument, it is helpful to consider whether similar contact by law enforcement in the *Penilla* and *Munger* cases would have met the first requirement of the state-created danger exception.

In *Penilla,* if the officers had merely arrived at Penilla's home, spoken to him, and departed, he would still have been outside on his porch, being attended to by neighbors, and would soon have been in the care of paramedics and on his way to the hospital. In *Munger,* if police had merely entered the bar, spoken to Mr. Munger, and departed, Munger would still have been inside the heated bar. In neither instance would the officer's act of doing his job by responding to a call have significantly increased the risk to either *Penilla* or *Munger*. Here, when SBSO deputies departed Rodger's apartment after speaking to him, there had been <u>no significant increase in the risk Hong, Wang and Chen otherwise faced from Rodger</u>. The SBSO deputies' interaction with Rodger on his doorstep

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
4.

cannot constitute the affirmative conduct necessary for Plaintiffs' claim against the County to survive.

This conclusion is consistent with *DeShaney*. In *DeShaney*, the petitioner, 4-year-old Joshua, faced dangers that were not created by the State. *DeShaney, 489 U.S. at 201*. Recognizing those dangers, the Department of Social Services ("DSS") obtained a court order placing Joshua in temporary custody of his treating hospital then returned him to his abusive father. The DSS caseworker saw suspicious injuries on Joshua's head during nearly 20 visits to the *DeShaney* home but other than record the incidents and her suspicions, the caseworker did nothing. Then Joshua's father beat him so badly that Joshua suffered brain damage. *DeShaney, 489 U.S. at 192-193, 209*. The Supreme Court held that under the circumstances, the State had no constitutional duty to protect Joshua because "when it returned [Joshua] to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all . . . ." *Id.* at 201.

Here, Plaintiffs' sons faced dangers from Rodger that were not created by the County. When SBSO deputies departed Rodger's apartment after the welfare check, Hong, Wang, and Chen were in no worse position than that in which they would have been if the SBSO deputies had not acted at all. For this reason, just as in *DeShaney,* the County had no constitutional duty to protect Hong, Wang, or Chen. As argued in the County's moving papers, this conclusion is consistent with *Johnson v. City of Seattle,* 474 F.3d 634, 641 (9th Cir. 2007); *see Estate of Amos v. City of Page,* 257 F.3d 1086, 1091-1092 (9th Cir. 2001) (rejecting plaintiff's "increased risk of danger" argument).

Plaintiffs' effort to analogize this case to the Ninth Circuit's *Kennedy* case fails. Plaintiffs omit a key fact in stating the issue in *Kennedy*. Opp'n, p. 14, ll. 5-8. The key fact to the Ninth Circuit's determination that the defendant officer had "affirmatively created an actual, particularized danger" the plaintiff would

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
5.

not otherwise have faced was the officer's failure to perform his promise to warn the plaintiff before informing the suspect of the allegations. *Kennedy,* 439 F.3d at 1063. In this case, as Plaintiffs admit, the danger to their sons already existed. If SBSO deputies informed Rodger during the welfare check that a "mental health worker" had seen his videos and requested the welfare check, doing so did not affirmatively place Hong, Wang, and Chen in any danger they would not otherwise have faced. Plaintiff's reliance on *Wood* is also unavailing. Contrary to Plaintiffs' argument, this case is readily distinguished from *Wood*. In fact, in their effort to analogize *Wood* to this case, Plaintiffs do the opposite when they confirm that, unlike the plaintiff in *Wood*, it "was obvious" that Hong, Wang and Chen already faced the danger posed by Rodger." Opp'n, p. 12, ll. 25-27.

Plaintiffs demonstrate the weakness of their argument with their quotation of language in *McKissen v. Leyendecker,* No. CV-07-5033-EFS, 2007 WL 2900425 (E.D. Wash., Oct. 2, 2007). In that case, a Washington State parolee who was identified as a high risk to re-offend, absconded to Oregon. In Oregon, he pointed a gun at the plaintiff then raped, tortured and severely beat her. The plaintiff sued the Washington parole officer responsible for monitoring the parolee, alleging violation of her due process rights under the state-created danger exception. That officer had failed to properly monitor the parolee, conducting no home or office visits, no urinalysis, no polygraphs, not following up on reports of criminal activity, and taking no action except to call the parolee's mother to try to locate him. *McKissen,* 2007 WL 2900425 at *1.

The *McKissen* court reviewed the Ninth Circuit's *Wood, Penilla, Grubbs I, Munger,* and *Kennedy* decisions, stating that "[i]n each Ninth Circuit case finding a state created danger existed, the state actor's direct contact with the victim affirmatively created the danger." *Id.* at *3. The court granted the defendant's motion to dismiss, finding that the Ninth Circuit's application of the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

state-created danger exception required dismissal because the parole officer had no direct contact with the plaintiff and therefore could not have affirmatively created a danger.  Id. Plaintiffs quote the above language from *McKissen* but do not acknowledge that in this case, unlike all of the Ninth Circuit cases finding that a state created danger existed, the SBSO deputies had no direct contact with the victims on or after April 30, 2014. This points to the crucially different factual situation present here.

Finally, the only alleged facts Plaintiffs rely on to support their argument that Rodger, affirmatively "increased and changed the danger faced by the decedents" (Opp'n, p. 14, ll. 26-27, p. 15, l. 1) arise from the words of Rodger's "manifesto." Since the danger faced by Plaintiffs' sons before the welfare check was already extreme, i.e., the danger of being killed by Rodger, it is implausible to suggest that Rodger's alleged increased caution after the welfare check so as not to attract attention, significantly changed the danger that Hong, Wang and Chen already faced. Moreover, Plaintiffs present no authority for their suggestion that the state-created danger exception applies where a state action causes not a readily discernible risk, e.g. locking Penilla alone in his house causing him to be denied live-saving medical care, but an indiscernible mental or emotional impact. Plaintiffs' contention is that the welfare check had such an impact on Rodger. SBSO deputies could never have recognized that impact, so they could not have known that their interaction with Rodger had any influence on any known existing danger.

Plaintiffs' effort to avoid dismissal with their State-augmented, State-enhanced, or State-exacerbated danger theory must fail. They can state no claim because they cannot meet the first requirement of the state-created danger exception. The Ninth Circuit has stated that inability to meet that requirement dooms a Fourteenth Amendment claim. "The danger-creation exception to *DeShaney* does not create a broad rule that makes state officials liable under the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

*Fourteenth Amendment* whenever they increase the risk of harm to member of the public." *Huffman,* 147 F.3d 1054, 1061 (9th Cir. 1998).

## II. PLAINTIFFS CANNOT MEET THE LEVEL OF CULPABILITY NECESSARY TO STATE A CLAIM UNDER THE DANGER-CREATION THEORY.

To state a claim under the danger-creation theory against the County, Plaintiffs must show that the County actors who participated in creating the dangerous condition faced by the Plaintiffs' sons, "acted with deliberate indifference to the known or obvious danger in subjecting the plaintiff to it." *L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir. 1996) (*Grubbs II*). This is the standard applicable in the Ninth Circuit. Plaintiffs, in their Opposition, do not apply the Ninth Circuit standard. Instead they apply the First Circuit's standard. Opp'n, pp. 18-20. The only time Plaintiffs discuss the Ninth Circuit standard, which requires that the government actors acted with deliberate indifference in subjecting the plaintiff to the known or obvious danger <u>that the government actor participated in creating</u>, is when they address the County's Motion. Then Plaintiffs argue that, in the face of the existing danger to which Hong, Wang and Chen were already exposed, they have pleaded that the SBSO deputies conducted a cursory and inadequate welfare check and were deliberately indifferent to the consequences of performing the welfare check. But the welfare check, as Plaintiffs admit, did not create the dangerous condition faced by Hong, Wang, and Chen. It was the existing danger already faced by Plaintiffs' sons that prompted the welfare check. It is impossible on the facts alleged by Plaintiffs to meet the Ninth Circuit's standard of deliberate indifference. At best, when Plaintiffs argue that the SBSO deputies conducted a "cursory and inadequate welfare check," they allege negligence in the face of an existing danger. This is less than the deliberate indifference standard requires and "[l]ess is not enough." *Grubbs II,* 92 F.3d at 900.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
8.

Plaintiffs make an effort to distinguish *Patel v. Kent School District,* 648 F.3d 965 (9th Cir. 2011) from their case. In *Patel,* the Ninth Circuit considered the state-created danger exception and reached a decision affirming a grant of summary judgment. The court did so without ever reaching the first requirement of the state-created danger exception. Instead, the court focused on the second requirement, finding inadequate support for plaintiff's contention that a special-education teacher acted with deliberate indifference in neglecting to properly supervise a developmentally disabled student. *Patel,* 648 F.3d at 974. The Patel court acknowledged that the standard set in *Grubbs II* was even higher than gross negligence and "requires a culpable mental state. *Patel,* 648 F.3d at 974. "The state actor must 'recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to such risks without regard to the consequences to the plaintiff. [Citation.] In other words, the defendant 'knows that something *is* going to happen but ignores the risk and exposes [the plaintiff] to it.' " *Patel,* 648 F.3d at 974 (quoting *Grubbs II,* 92 F.3d at 899-900). In *Patel*, the teacher allowed the student to go to the restroom alone, despite having promised to supervise the student at all times. *Patel,* 92 F.3d at 975. The Ninth Circuit distinguished *Patel* as "critically different" from *Penilla* because, unlike the officers in *Penilla,* the teacher did not "act in a manner contrary to assisting someone in a known, immediate danger." *Id.* at 975. The court found *Patel* "crucially different" from *Kennedy* because the teacher in *Patel* did not know that her student faced any immediate risk. *Id.*

In this case, as Plaintiffs admit, the SBSO deputies did not expose Hong, Wang, and Chen to the danger presented by Rodger. That was an already present danger to which Hong, Wang and Chen were exposed. Thus, Plaintiffs cannot meet the high standard of culpability required to state a claim under the state-created danger exception. Furthermore, as discussed below, Plaintiffs do not

//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
9.

allege that SBSO deputies knew that Hong, Wang and Chen faced any immediate risk.

## III. NINTH CIRCUIT AUTHORITY INDICATES THAT APPLICATION OF THE STATE-CREATED DANGER EXCEPTION IS INAPPROPRIATE WHERE RISK OF HARM IS NOT PARTICULARIZED TO SPECIFIC INDIVIDUALS.

Plaintiffs argue that the deliberate indifference requirement of the state-created danger exception does not require that the SBSO deputies know the person at risk of harm. Plaintiffs state "the risk of harm need not be particularized to a specific individual or individuals." Opp'n, p. 17, ll. 25-26. Plaintiffs cite *Grubbs II,* 92 F.3d at 900 for this premise. Scrutiny of *Grubbs* II does not support Plaintiffs' citation. Plaintiffs add that neither *Patel* nor *Kennedy* holds that knowledge of the individual plaintiff is required. Opp'n, p. 18, ll. 3-5.

A review of Ninth Circuit authority suggests otherwise. The *McKissen* court, in a case Plaintiffs cite in their Opposition, disagreed with Plaintiffs' assertion. That court found that the Ninth Circuit had not rejected "any requirement that Defendant have knowledge of a danger to a particular plaintiff. Because each Ninth Circuit case finding a state-created danger involved danger to a particular plaintiff, and that is not the case here, dismissal is appropriate." *McKissen,* 2007 WL 2900425 at *3.

In *Wood,* the Ninth Circuit mentioned that the plaintiff in that case was distinguished from the general public due to the impact of the trooper's action on her directly. *Wood,* 879 F.2d at 590. In *Huffman v. County of Los Angeles,* 147 F.3d 1054, 1061(9th Cir. 1998), the Ninth Circuit stated that the danger-creation plaintiff must demonstrate that the state's affirmative action created a foreseeable danger <u>to the plaintiff</u> , but declined to resolve the question directly. *Id.* at 1061 n.4.  And in *Patel,* 648 F.3d at 974, the Ninth Circuit stated that the

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

deliberate indifference standard of fault requires that the state actor recognize an unreasonable risk and intend " 'to expose the plaintiff to such risks without regard to the consequences to the plaintiff.' " *Patel,* 648 F.3d at 974 (quoting *Grubbs II,* 92 F.3d at 899). In this case, Plaintiffs allege that SBSO deputies knew only that a mental health worker believed Rodger was a danger "to himself and others." FAC, ¶ 40. Thus, SBSO deputies had no knowledge that Rodger posed a particular danger to Hong, Wang, and Chen and therefore could not have acted with deliberate indifference because they could have no knowledge that they were subjecting Hong, Wang, and Chen to any known danger. *Grubbs II,* 92 F.3d at 900.

## IV. PLAINTIFFS' DUE PROCESS CLAIM AGAINST THE COUNTY SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiffs' Opposition asserts facts not alleged in their First Amended Complaint.[1] Even with these added facts, Plaintiffs would be unable to state a

---

[1] These unalleged facts include the following:

"[D]ue to the nature of the apartment complex, the individual apartment, and the community in which the welfare check took place, it was known or obvious to the deputies that Rodger was sharing his apartment with roommates." Opp'n, p. 16, ll. 2-6.

Hong and Wang "were out of the apartment, in a position of safety, presumably on campus attending classes." Opp'n, p. 16, ll. 12-13.

"The officers communicated to Rodger that there were persons monitoring his online activities and giving information about him to the police." Opp'n, p. 16, ll. 16-17.

"Rodger goes on to detail other significant changes to his plans and behaviours [*sic*] in his manifesto as well, such as taking down his YouTube videos to not arouse suspicion and beginning to keep a loaded handgun near him at all times. Opp'n, p. 16, ll. 24-27; p. 17, *l.*1.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

claim for violation of the Fourteenth Amendment. When a complaint cannot be saved by amendment, dismissal with prejudice is proper. *Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005). Therefore, Plaintiffs' claims against the County should be dismissed with prejudice.

## V. CONCLUSION

For the reasons set forth above in reply to Plaintiffs' Opposition, and for the reasons set forth in its Motion, the County respectfully requests that this Court dismiss with prejudice Plaintiffs' First Amended Complaint as against the County for failure to state a claim.

Dated: October 9, 2015   MICHAEL C. GHIZZONI
           COUNTY COUNSEL


By: /S/ - Mary Pat Barry
Mary Pat Barry
Sr. Deputy County Counsel
Attorneys for Defendants
COUNTY OF SANTA BARBARA and
SANTA BARBARA COUNTY SHERIFF'S
DEPARTMENT

---

The deputies "were expressly told by a mental health worker that Rodger posed life threatening danger to himself and others." Opp'n, p. 19, l. 25-27, p. 20, *l*. 1.

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
12.

# DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Santa Barbara County. I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Suite 201, Santa Barbara, CA.

On October 9, 2015, I served a true copy of the within **REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS** on the interested parties in this action by:

☐   by mail. I am familiar with the practice of the Office of Santa Barbara County Counsel for and processing of correspondence for mailing with the United States Postal Service. In accordance with the ordinary course of business, the above mentioned documents would have been deposited with the United States Postal Service, after having been deposited and processed for postage with the County of Santa Barbara Central Mail Room.

☒   electronic transmission via CM/ECF to the persons indicated below:

**SEE ATTACHED SERVICE LIST**

☒   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 9, 2015, at Santa Barbara, California.

　　　/s/ - D'Ann Marvin
　　　　　D'Ann Marvin

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
13.

# SERVICE LIST

*Chen, et al. v. County of Santa Barbara, et al.*

United States District Court Central District of California

Case No: 2:15-cv-01509-JFW(JEMx)

| | |
|---|---|
| Todd Becker<br>Inna S. Demin<br>BECKER LAW GROUP<br>3750 E. Anaheim St., Suite 100<br>Long Beach, CA  90804<br><br>demin@toddbeckerlaw.com<br>becker@toddbeckerlaw.com | Patrick McNicholas<br>David Angeloff<br>MCNICHOLAS & MCNICHOLAS, LLP<br>10866 Wilshire Blvd., Suite 1400<br>Los Angeles, CA  90024<br><br>pmc@mcnicholaslaw.com<br>da@mcnicholaslaw.com |
| Eugene J. Egan<br>Christopher A. Kanjo<br>MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP<br>801 S. Figueroa St., 15th Floor<br>Los Angeles, CA 90017<br><br>eje@manningllp.com<br>cak@manningllp.com | William S. Kronenberg<br>KRONENBERG LAW, PC<br>1999 Harrison St. Suite 1450<br>Oakland, CA 94612<br><br>wkronenberg@krolaw.com |

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
14.